FEE PAID

FILED
CLERK, U.S. DISTRICT COURT

JAN 23 2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ rsm _____ DEPUTY

Julian Brew (SBN 150615)
julian@cypressllp.com
**CYPRESS LLP**
11111 Santa Monica Blvd., Ste. 500
Los Angeles, CA 90025
Telephone: (424) 901-0123
Facsimile: (424) 750-5100

Attorneys for Plaintiff
RELATOR LLC

*CYPRESS LLP*
*11111 Santa Monica Boulevard Suite 500*
*Los Angeles, California 90025*
*(424) 901-0123*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    Plaintiff,<br><br>*ex rel.* **RELATOR LLC**, a California limited liability company,<br><br>    Relator,<br><br>    v.<br><br>**STEVEN SUNSHINE**, an individual, **JON CHRISTY**, an individual, **THE SHADY CANYON GOLF CLUB, INC.**, A California nonprofit corporation, and DOES 1-10,<br><br>    Defendants. | Case No. **8:23-CV-00134-JWH-ADSx**<br><br>**COMPLAINT FOR VIOLATIONS OF FEDERAL FALSE CLAIMS ACT**<br><br>**FILED *IN CAMERA* UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**<br><br><u>**DO NOT PLACE ON PACER**</u><br><br>**JURY TRIAL DEMANDED** |

COMPLAINT

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

1    Plaintiff RELATOR LLC (hereinafter referred to as "Plaintiff") complains of

2    STEVEN SUNSHINE, an individual ("Club CEO"), JON CHRISTY, an individual

3    ("Club CFO"), Shady Canyon Golf Club, Inc., a California nonprofit corporation

4    ("Country Club Borrower"), and DOES 1-10 (together with the Club CEO, Club

5    CEO and the Country Club Borrower, collectively, the "Defendants"), and alleges

6    as follows:

## I.    SUBJECT MATTER JURISDICTION

7

8    1.    This Court has subject matter jurisdiction over the Plaintiff's claims

9    brought under the False Claims Act, 31 U.S.C. §§ 3279, et seq., pursuant to 31

10    U.S.C. §§ 3730 and 3732. This Court has supplemental jurisdiction to entertain the

11    common law and equitable causes of action under 28 U.S.C. § 1367(a).

## II.    INTRODUCTION

12

13    2.    In this matter a small group of managers/owners of a Country Club

14    misappropriated large sums of government aid money which was supposed to assist

15    working families, not the ultra-rich. This case is emblematic of the bigger problem

16    of a few unscrupulous wealthy people taking from the American public.  This is a

17    case about embezzlement of government aid funds during a national emergency. In

18    this case, the Defendants pursued and received a loan under the Paycheck

19    Protection Program (hereinafter "PPP") in the total amount of **$1,689,200.00** for the

20    purpose of covering payroll costs for their employees which they supposedly

21    cannot afford. However, the loans were prohibited for several reasons. One key

22    reason is that private clubs, like the Country Club (defined below) that limit the

23    number of memberships for reasons other than capacity are ineligible to receive

24    PPP loans. If a club is excluding people because of the way they look, their race,

25    their religion, their background, their wealth, their political affiliation, where they

26    live, their stature in the community, their background or for any other reason apart

27    from *capacity*, then they are not allowed to have the American Taxpayer fund their

28    business.

COMPLAINT

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

3.      Country Club Borrower is the owner and operator of "Shady Canyon Golf Club" ("The Country Club"), which is an exclusive, <u>members-only</u> country club located in Irvine, California

4.      The Country Club is not open to the general public. It is a private, members-only club. In addition, not just anyone can join, even when there is room to join. There are many restrictions to joining The Country Club that have nothing to do with the club's capacity.

5.      The PPP was meant to help small businesses. It was not an invitation for the financial elite, who make it an ugly policy to exclude working people from their private clubs, to then turn around and expect middle class Americans to hand them piles of money. Defendants lied about the true nature of their business and then failed to return the ill-gotten money. The American people have a right to be angry.

6.      <u>Ineligible Businesses</u>. The Small Business Administration ("SBA") is expressly clear that <u>private clubs</u> and other businesses which limit the number of memberships for reasons other than *capacity* are <u>not eligible</u> whatsoever to obtain PPP loans. There are specific rules regarding these types of businesses. The vast majority of American industries are allowed to seek loans. However, a small number of industries have been specifically prohibited, like private clubs which limit the number of memberships for reasons other than capacity. The rules prohibiting loans to these types of businesses are glaring and are clear. The government can and has decided who may apply for loans. Wisely, the government put restrictions on a select number of industries for good reasons. One example is the restriction on private clubs and businesses which limit the number of memberships for reasons other than capacity. It would not be prudent or fair for the government to allow these sorts of private clubs to take from government coffers (and therefore the American taxpayer) when they restrict American taxpayers from using their clubs for reasons other than capacity. The Defendants; should never

COMPLAINT

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

1    have applied for this money. They should never have accepted the money. They

2    should have immediately returned the money. They intentionally failed on all these

3    points. To make matters worse they then applied for and received forgiveness of the

4    Loan, thereby making clear their intention to never repay the American taxpayers

5    that they exclude from their club.

6         7.    Knowledge of Wrongdoing. Defendants knowingly and intentionally

7    made false claims in order to obtain what they knew were ill-gotten gains. The Club

8    CEO and Club CFO are businesspeople who are responsible for the legal and

9    effective operation of The Country Club. The management and administration of a

10   County Club such as this would require these managers to research matters in the

11   areas of business, employee relations, zoning/land use, landlord and tenant law and

12   so on. It is difficult to imagine that a business like this would take this amount of

13   money, from the government, without performing a thorough review of its legality.

14   Actually, it appears that the Defendants were well informed about the rules

15   prohibiting this loan, by the way that the forms were filled out, suggesting an

16   intention to deceive and cover up. At the very least, the Defendants acted with

17   willful indifference, violating a basic tenet of the PPP as a brief review of the rules

18   would reveal that these types of exclusive clubs cannot take PPP money.

19        8.    Defendants were not placed in charge of this position of trust by the

20   sophisticated, elite members of The Country Club without a clear understanding of

21   the rules and regulations applicable to private clubs like The Country Club.

22   Defendants knew their business was selectively prohibited from taking SBA loans.

23        9.    No Economic Necessity. The PPP Loan was not necessary to support

24   the ongoing operations of The Country Club. They did not need the money. On

25   information and belief, membership dues were not diminished as a result of

26   COVID-19. On information and belief, Defendants have access to ready funds

27   because membership dues were fully paid with minimal or no delinquencies at the

28   time Defendants applied for and received the Loan and when they applied for and

COMPLAINT

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

1    received forgiveness of the Loan. Therefore, when Defendants made the Economic

2    Necessity Certification (defined below), the certification was false.

3         10.    The SBA relied on Defendants' many false claims. Were it not for

4    those false claims, the Defendants would not have received the loan.

5         11.    In other words, Defendants not only obtained PPP proceeds when they

6    were not supposed to, all while depriving eligible small businesses of access to PPP

7    proceeds during a national emergency.

8         12.    The Defendants made many material false statements to the

9    government in order to deceive the SBA to obtain these large loans and did it for an

10   impermissible purpose.

11        13.    Defendants communicated in writing, deceptive statements, including

12   without limitation, with respect to the eligibility to receive loan proceeds, with

13   respect to the necessity of the loan proceeds, the calculation of the loan amount, the

14   purpose of the loan, and the use of the proceeds, among others.

15        14.    Plaintiff-Relator, Relator LLC on behalf of the United States of

16   America brings this action to recover treble damages, civil penalties, and costs

17   under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33, and to recover

18   damages and other monetary relief under the common law and equitable theories of

19   unjust enrichment and payment by mistake.

20        15.    This action arises from numerous false statements and claims that the

21   Defendant knowingly presented to the United States and the United States Small

22   Business Administration ("SBA") and lenders acting on the SBA's behalf, in

23   violation of the FCA and common law.

24        16.    The Defendants unlawfully obtained millions of dollars of PPP

25   Proceeds (as defined below), and failed to return or repay the money.

26        17.    In summary, the Defendants obtained large PPP loans from the

27   government. They deceptively completed the SBA loan applications by seeking

28   money for a business that was expressly not eligible.

COMPLAINT

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

## III.    THE PARTIES

18.    Plaintiff-Relator LLC, is a California limited liability company with its principal place of business in Los Angeles, California.

19.    Defendant STEVEN SUNSHINE is an individual and, at all relevant times herein, is and was the Chief Executive Officer of Country Club Borrower.

20.    Defendant JON CHRISTY is an individual and, at all relevant times herein, is and was the Chief Financial Officer of Country Club Borrower.

21.    Defendant Shady Canyon Golf Club, Inc., A California nonprofit corporation with its principal place of business in Irvine, California.

22.    During round 1 of the paycheck protection program, Country Club Borrower applied for a PPP loan for $1,689,200.00. It was approved on April 3, 2020, by the SBA for the full amount. The loan was facilitated by Commercial Bank Of California. Country Club Borrower received 100% of the approved amount. On its application for this loan, Country Club Borrower stated that it had 160 employees, thereby reflecting an average salary of $50,676.00 per year. The loan is hereafter referred to as "PPP Loan." This loan was forgiven on November 3, 2020.

## IV.    The CARES Act and Paycheck Protection Program

23.    On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act ("the CARES Act" or "the Act") (Pub. L. 116-136) became law and provided emergency assistance and health care response for individuals, families, and businesses affected by the coronavirus pandemic. SBA received funding and authority through the Act to modify existing loan programs and establish a new loan program to assist small businesses nationwide adversely impacted by the COVID-19 emergency.

24.    The CARES Act authorized loans to eligible small businesses struggling to pay employees and other business expenses as a result of the devastating effect of the COVID-19 pandemic.

COMPLAINT

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

25.     Section 1102 of the CARES Act temporarily permitted the SBA to guarantee 100 percent of 7(a) loans under a new program titled the "Paycheck Protection Program" ("PPP").

26.     On April 24, 2020, the Paycheck Protection Program and Health Care Enhancement Act (Pub. L. 116-139) became law and provided additional funding and authority for the PPP. On June 5, 2020, the Paycheck Protection Program Flexibility Act of 2020 (Flexibility Act) (Pub. L. 116-142) became law and changed key provisions of the Paycheck Protection Program, including provisions relating to the maturity of PPP loans, the deferral of PPP loan payments, and the forgiveness of PPP loans.

27.     Under the PPP, in 2020, eligible businesses could obtain one SBA guaranteed PPP loan. Businesses were required to spend loan proceeds for employee compensation, rent or mortgage, and other specified expenses and, depending on their use of the loan proceeds, could qualify for loan forgiveness, up to the full amount of the loan.

28.     The SBA delegated authority to third-party lenders to underwrite and approve the PPP loans. In order to obtain a PPP loan, a qualifying business (through its authorized representative) signed and submitted a PPP loan application (SBA Form 2483) online through the lender's application platform. The PPP loan application (SBA Form 2483) required the business (through its authorized representative) to acknowledge the PPP program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan.

29.     Once the Borrower submitted its PPP loan application (SBA Form 2483) to a Lender, the participating lender processed the PPP loan application. If a PPP loan application (SBA Form 2483) was approved by the participating lender, it thereafter funded the PPP loan using its own monies, which were 100% guaranteed by the SBA.

COMPLAINT

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

30.     After the Lender processed and approved a borrower's PPP loan application (Form 2483), but prior to the closing of the PPP loan, the Lender submitted to the SBA, the Lender's Application - Paycheck Protection Program Loan Guaranty (SBA Form 2484) to the SBA applying for a guarantee on the loan. For a PPP loan to be approved, the Lender was required to Answer Yes to the following questions in the Lender's Application - Paycheck Protection Program Loan Guaranty (SBA Form 2484) as to the Borrower's certification of its General Eligibility to receive a PPP Loan:

| | | | |
|---|---|---|---|
| • | The Applicant has certified to the Lender that (1) it was in operation on February 15, 2020, has not permanently closed, and was either an eligible self-employed individual, independent contractor, or sole proprietorship with no employees or had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099MISC; (2) current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant; (3) the funds will be used to retain workers and maintain payroll, or make payments for mortgage interest, rent, utilities, covered operations expenditures, covered property damage costs, covered supplier costs, and covered worker protection expenditures; and (4) the Applicant has not and will not receive another loan under the Paycheck Protection Program, section 7(a)(36) of the Small Business Act (15 U.S.C. 636(a)(36)) (this does not include Paycheck Protection Program second draw loans, section 7(a)(37) of the Small Business Act (15 U.S.C. 636(a)(37)). | ☒Yes | ☐No |

SBA Form 2484 (emphasis added). Therefore, if a PPP borrower lied on its PPP loan application (SBA Form 2483), the PPP borrower's false certification

COMPLAINT

1   caused the Lender to submit to the SBA with respect to that PPP Loan, a Lender's

2   Application - Paycheck Protection Program Loan Guaranty (SBA Form 2484) that

3   contained the PPP borrower's False Statement.

4        31.    SBA Form 2483 provides the following certification, among others "I

5   have read the statements included in this form, including the Statements Required

6   by Law and Executive Orders, and I understand them" (hereafter the

7   "Understanding Certification").

8        32.    SBA Form 2483 provides the following certification, among others

9   "The Applicant is eligible to receive a loan under the rules in effect at the time this

10   application is submitted that have been issued by the Small Business

11   Administration (SBA) implementing the Paycheck Protection Program under

12   Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act

13   (CARES Act) (the Paycheck Protection Program Rule)" (hereafter the "Eligibility

14   Certification").

15        33.    SBA Form 2483 provides the following certification, among others

16   "All SBA loan proceeds will be used only for business-related purposes as specified

17   in the loan application and consistent with the Paycheck Protection Program Rule"

18   (hereafter the "Use of Proceeds Certification")

19        34.    SBA Form 2483 additionally provides the following certification,

20   among others: "Current economic uncertainty makes this loan request necessary to

21   support the ongoing operations of the Applicant" (hereafter the "Economic

22   Necessity Certification").

23        35.    SBA Form 2483 additionally provides the following certification,

24   among others: "The funds will be used to retain workers and maintain payroll or

25   make mortgage interest payments, lease payments, and utility payments, as

26   specified under the Paycheck Protection Program Rule; I understand that if the

27   funds are knowingly used for unauthorized purposes, the federal government may

28

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

COMPLAINT

hold me legally liable, such as for charges of fraud" (hereafter the "Worker Retention and Payroll Certification.")

36.     SBA Form 2483 additionally provides the following certification, among others: "During the period beginning on February 15, 2020 and ending on December 31, 2020, the Applicant has not and will not receive another loan under the Paycheck Protection Program." (hereafter the "Single Loan Certification.")

37.     SBA Form 2483 additionally provides the following certification, among others: "I further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects. I understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 USC 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000" (hereafter the "No False Statements Certification").

38.     After the borrower submitted the PPP loan application, that application was then processed by a participating lender. If a PPP loan application was approved, the participating lender funded the loan using its own monies, which were then guaranteed by the SBA. Generally, in the event that the borrower defaulted on a PPP loan, the SBA would purchase the borrower's debt from the lending financial institution and take on the responsibility for paying back the loan.

39.     Under the applicable PPP rules and guidance, recipients of PPP loans could apply to have the interest and principal on the PPP loan fully forgiven, meaning that the borrower would owe nothing and would have no obligation to repay the PPP loan. To obtain full forgiveness of the PPP loan, borrowers had to attest that they had "not reduced the number of employees or the average paid hours

COMPLAINT

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

1  of their employees" during the loan period, that the loan proceeds had been spent on

2  payroll costs and other permitted expenses and that at least 60% of the loan

3  proceeds had been spent on payroll costs (hereafter the "Loan Forgiveness

4  Certification").

5       40.    Loans could only be used for certain permitted expenses, such as to

6  fund payroll costs and employee benefits, such as health insurance, to pay for,

7  mortgage interest, rent, utilities or worker protection costs related to COVID19.

8       41.    On April 2, 2020, the SBA posted the First PPP Interim Final Rule

9  announcing the implementation of the CARES Act. SBA posted additional interim

10  final rules on April 3, 2020, and April 14, 2020. On April 28, 2020, SBA posted an

11  interim final rule supplementing the previously posted interim final rules with

12  additional guidance. See, Federal Register / Vol. 85, No. 82 / Tuesday, April 28,

13  2020 / Rules and Regulations at, 23450-52, available at

14  https://home.treasury.gov/system/files/136/Interim-Final-Rule-on-Requirements-

15  for-Promissory-Notes-Authorizations-Affiliation-and-Eligibility.pdf. This interim

16  final rule supplemented previous regulations and guidance on several important,

17  discrete issues. The April 28, 2020, Interim Final Rule was immediately effective

18  without advance notice and public comment because section 1114 of the CARES

19  Act authorized SBA to issue regulations to implement Title I of the CARES Act

20  without regard to notice requirements. *Id.*

21       42.    With respect to the PPP, the April 15, 2020, Interim Final Rule

22  provided Clarification Regarding Eligible Businesses, states in part:

23              C.    **HOW DO I DETERMINE IF I AM INELIGIBLE?**

24

25              Businesses that are not eligible for PPP loans are identified in 13 CFR

26              120.110 and described further in SBA's Standard Operating Procedure

27              (SOP) 50 10, Subpart B, Chapter 2, except that nonprofit organizations

28              authorized under the Act are eligible. (SOP 50 10 can be found at

COMPLAINT

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

1   *https://www.sba.gov/document/sop-50-10-5-lender-development-
2   company-loan-programs.)*

3   *See* Federal Register Document Citation 85 FR 20811, pgs. 20811-20817, 13

4   CFR  120.

5   43.   Under 13 CFR § 120.110(i), private clubs and businesses which limit

6   the number of memberships for reasons other than capacity are ineligible to obtain

7   loans under the U.S. federal government's PPP loan program.13 CFR § 120.110 (i)

8   provides in relevant part:

9   *§ 120.110 What businesses are ineligible for SBA business loans?*

10   *The following types of businesses are ineligible:*

11   *...*

12   *(i) Private clubs and businesses which limit the number of*

13   *memberships for reasons other than capacity;*

14

15   44.   These PPP Loan eligibility rules are also included in the U.S. Small

16   Business Administration, Office of Financial Assistance, Lender and Development

17   Company Loan Programs, SOP 50 105(B), page 85 and 86 which says in part:

18   *CHAPTER 2: ELIGIBILITY FOR 7(A) GUARANTY LOAN*

19   *PROGRAM II. SUMMARY OF ELIGIBLITY REQUIREMENTS*

20   *D. The following businesses are not eligible: (13 CFR 120.110)*

21   *9. Private clubs and businesses which limit the number of*

22   *memberships for reasons other than capacity;*

23

24   **V.   Defendants' False Statements and Misuse of Proceeds**

25   45.   Defendants applied for and received one (1) PPP Loan in the total

26   amount of at least $1,689,200.00. In order to receive the loans, Defendants would

27   have to have completed SBA Form 2483 entitled "Borrower Application Form". In

28   doing so, Defendants intentionally made materially false statements with respect to

COMPLAINT

the Eligibility Certification, the Use of Proceeds Certification, the Economic

Necessity Certification, the Worker Retention and Payroll Certification, and the No

False Statements Certification.

46.     Defendants signed the loan applications, thereby endorsing the

Understanding Certification, which means that they agreed that they understood the

rules and guidelines of the PPP, including, without limitation the rules regarding

eligibility, economic necessity, use of proceeds and the certifications made.

47.     Country Club Defendant was not an eligible business, therefore when

Defendants made the Eligibility Certification, the certification was false.

48.     The proceeds of the PPP Loans were not and could not have been used

only for business-related purposes consistent with the Paycheck Protection Program

Rule, because, among other things, Country Club Defendant was not an eligible

business, therefore when Defendants made the Use of Proceeds Certification, the

certification was false.

49.     The PPP Loan was not necessary to support the ongoing operations of

the Country Club. They did not need the money. There is every indication that

Defendants' business continued to thrive and have positive revenue. There is no

indication that members stopped paying their membership dues or that the Country

Club implemented any pause in member obligations to pay. There is no evidence of

any business loss. Business was good. Therefore, when Defendants made the

Economic Necessity Certification, the certification was false.

50.     On their loan applications, Defendants intentionally made several key

statements which were false and intended to deceive. These key false statements by

Defendants made it possible for them to get the loans.

51.     By virtue of the above false statements, when Defendants made the No

False Statements Certification, that certification was false.

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

COMPLAINT

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

## VI.   THE FALSE CLAIMS ACT

52.   Plaintiff alleges that, from at least July 17, 2020, through the time of the filing of this Complaint, Defendants violated the FCA by "knowingly" submitting and/or causing the submission of false claims for payment to lenders authorized by the SBA to process PPP loan applications in the form of PPP Applications and the resulting receipt and failure to return PPP loans. These claims for payment were false because Defendants: (1) made knowingly false statements and certifications in their PPP applications, and in certifications accompanying its receipt of federal PPP funds, that it was complying with, and would continue to comply with, applicable laws and regulations governing the award of PPP loans; and/or (2) made, or caused to be made, false representations in loan applications that the Country Club Borrower was eligible to receive such PPP loans. Moreover, Defendants' false claims caused on numerous occasions Commercial Bank Of California to submit to the SBA, a Lender's Application - Paycheck Protection Program Loan Guaranty (SBA Form 2484) that contained Defendants' false statement concerning Defendants' general eligibility for the PPP loan, on which the SBA relied and paid to the lender.

53.   The False Claims Act prohibits fraudulent conduct in connection with federal programs, including the knowing submission of false claims for payment to the government. See 31 U.S.C. § 3729(a)(1)(A). In these circumstances, liability may attach if the omission renders those representations misleading. 41. 31 U.S.C. § 3729(a)(1)(A) and (B) of the FCA provide that:

(1) . . . any person who—

(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; [or]

(B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim,

. . .

14
COMPLAINT

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

1    (G) knowingly makes, uses, or causes to be made or used, a false

2    record or statement material to an obligation to pay or transmit money or property

3    to the Government, or knowingly conceals or knowingly and improperly avoids or

4    decreases an obligation to pay or transmit money or property to the Government,

5    is liable to the United States Government . . .

6        31 U.S.C. § 3729(a)(1)(A), (B), and (G) (2020).

7        42. The scope of a false or fraudulent claim is to be broadly construed.

8    As used in the FCA, a "claim"

9        (A) means any request or demand, whether under a contract or

10   otherwise, for money or property and whether or not the United States has title to

11   the money or property, that—

12       (i) is presented to an officer, employee, or agent of the United States;

13   or

14       (ii) is made to a contractor, grantee, or other recipient, if the money or

15   property is to be spent or used on the Government's behalf or to advance a

16   Government program or interest, and if the United States Government—

17   (I) provides or has provided any portion of the money or property requested or

18   demanded; or

19       (II) will reimburse such contractor, grantee, or other recipient for any

20   portion of the money or property which is requested or demanded; . . .

21   31 U.S.C. § 3729(b)(2) (2020).

22       54.    A person who violates the False Claims Act during the time period at

23   issue "is liable for a civil penalty as adjusted, plus 3 times the amount of damages

24   which the United States Government sustains because of the act of that person." 31

25   U.S.C. § 3729(a). See 28 C.F.R. § 85.3(a)(9); Department of Justice, 28 CFR Part

26   85, Civil Monetary Penalties Inflation Adjustments for 2022 published at:

27   https://www.govinfo.gov/content/pkg/FR-2022-05-09/pdf/2022-09928.pdf.

28

15

COMPLAINT

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

## VII.   PERSONAL JURISDICTION & VENUE

55.    This Court has personal jurisdiction over Defendants pursuant to 31 U.S.C. § 3732(a) because at all times material hereto, Defendants transacted business and are found in the Central District of California, and acts proscribed by 31 U.S.C. § 3729 occurred in this district.

56.    Venue is proper in this district pursuant to 31 U.S.C. § 3732(a), and under 28 U.S.C. §§ 1391(b) and 1395(a), because the Country Club is located in Orange County, within the Central District of California. Moreover, certain acts that form the basis of this Complaint occurred in the Central District of California.

57.    Relator's claims and this Complaint are not based upon prior public disclosures of allegations or transactions in a federal criminal, civil, or administrative hearing in which the Government or its agent is a party; in a congressional, Government Accountability Office, or other federal report, hearing, audit, or investigation; or from the news media. To the extent that there has been a public disclosure unknown to Relator, it is the "original source" within the meaning of 31 U.S.C. § 3730(e)(4)(B) and/or the public disclosure is a result of Relator voluntarily providing this information to the United States Government prior to filing this *qui tam* action.

## VIII.  FIRST CAUSE OF ACTION

### FALSE OR FRAUDULENT CLAIMS (31 U.S.C. § 3729.(a)(1)(A-B))

58.    Plaintiff alleges and incorporates by reference each and every allegation contained in all prior paragraphs of this complaint.

59.    This is a claim for treble damages and penalties under the False Claims Act, 31 U.S.C. § 3729, *et seq.*, as amended.

60.    By virtue of the acts described above, Defendants knowingly presented, or caused to be presented, to an officer or employee of the United States government, false or fraudulent claims for payment or approval, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(A).

COMPLAINT

61.     By virtue of the acts described above, Defendants knowingly made or used, or caused to be made or used, false or fraudulent records or statements material to false or fraudulent claims for payment by the Government.

62.     Because of the Defendants' acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $12,537.00 and not more than $25,076.00 for each and every violation arising from Defendants' unlawful conduct alleged herein.

## IX.    CONCLUSION

The PPP was meant to give working Americans assistance to keep their jobs. The Defendants abused it. In a desecration of the PPP the Defendants used the PPP to line their own pockets while poor and middle class Americans suffered. The Defendants took from a program which they were not allowed to take from, and took an excessive amount. This misappropriation has added insult to injury. The elite few who relax in county clubs, now have their county club subsidized by the tens of millions of Americans who will never be allowed to enter its doors. The American people have a right to be angry.

## PRAYER FOR RELIEF

WHEREFORE, *qui tam* Plaintiff/Relator prays for judgment against Defendants, as follows:

1. That this Court enter judgment against each Defendant in an amount equal to three times the damages that the United States has sustained because of Defendants' action, plus a civil penalty of not less than $12,537.00 and not more than $25,076.00 for each and every false claim as are required by law, together with all such further relief as may be just and proper.

2. Such other relief as this Court may deem just and proper, together with interest and costs of this action.

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

3.  Reasonable attorney fees, litigation expenses, and costs of suit.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 20, 2023                    CYPRESS LLP


                                  By:    /s/ Julian Brew
                                         Julian Brew
                                         Attorneys for Plaintiff
                                         RELATOR LLC

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

18

COMPLAINT