WAYNE R. GROSS, State Bar No. 138828
*WGross@GGTrialLaw.com*
EVAN C. BORGES, State Bar No. 128706
*EBorges@GGTrialLaw.com*
ROY FAN, State Bar No. 343653
*RFan@GGTrialLaw.com*
GREENBERG GROSS LLP
650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

Attorneys for Defendant The Shady Canyon Golf Club, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

*ex rel.* RELATOR LLC, a California limited liability company,

Relator,

v.

STEVEN SUNSHINE, an individual; JON CHRISTY, an individual; and THE SHADY CANYON GOLF CLUB, INC., a California non-profit corporation; and DOES 1-10, inclusive,

Defendants.

Case No. 8:23-cv-00134-JVS-ADSx

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THE SHADY CANYON GOLF CLUB, INC.'S MOTION TO DISMISS COMPLAINT**

*Filed concurrently with Notice of Motion and Motion, Declaration of Evan C. Borges, Request for Judicial Notice, and [Proposed] Order*

Date: June 30, 2025
Time: 1:30 p.m.
Place: Ronald Reagan Federal Building and U.S. Courthouse
411 West Fourth Street
Courtroom 10C
Santa Ana, CA 92701
Judge: Hon. James V. Selna

Action Filed: January 23, 2023
Trial Date: Not Set

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION .......... 6

II. FACTUAL AND PROCEDURAL BACKGROUND .......... 8

III. LEGAL STANDARD .......... 9

IV. ARGUMENT .......... 11

A. Relator LLC's Claims Must Be Dismissed Pursuant to the FCA's Public Disclosure Bar .......... 11

1. The Complaint is Based Solely Upon Publicly Disclosed Information. .......... 12

(a) The First Two Requirements of the Public Disclosure Bar Are Satisfied. .......... 12

(b) The Third Requirement of the Public Disclosure Bar is Also Satisfied. .......... 14

2. Relator LLC is not an "Original Source" of the Public Disclosure. .......... 17

B. Relator LCC Fails to Allege With Particularity that Shady Canyon Made Any False Statements. .......... 19

1. Relator LLC Fails to Allege With Particularity That Shady Canyon Misrepresented Its Eligibility for its PPP Loan. .......... 20

2. Relator LLC Fails to Allege With Particularity That Shady Canyon Misrepresented Its Economic Necessity for Its PPP Loan. .......... 22

3. Relator LLC Fails to Allege With Particularity That Shady Canyon Made Other False Statements or Certifications. .......... 23

C. Relator LLC Fails To Plausibly Allege Scienter. .......... 24

D. Relator LLC Fails to State a Claim Against Sunshine and Christy. .......... 25

V. CONCLUSION .......... 26

# TABLE OF AUTHORITIES


**Page(s)**

**Cases**

*United States ex. rel. Anita Silingo v. WellPoint, Inc.*, 904 F.3d 667 (9th Cir. 2018) .......... 25

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... *passim*

*Bell Atl. Corp v. Twombly*, 550 U.S. 544 (2007) .......... 9, 10

*U.S. ex rel. Biddle v. Board of Trustees of the Leland Stanford, Jr. Univ.*, 161 F.3d 533 (9th Cir. 1998), *cert. denied*, 526 U.S. 1066 (1999) .......... 12

*Campbell v. Redding Med. Ctr.*, 421 F.3d 817 (9th Cir. 2005) .......... 11

*United States ex rel. Carter v. Bridgeport Educ., Inc.*, No. 10–CV–1401 JLS (WVG), 2015 WL 4892259 (S.D. Cal. Aug. 17, 2015) .......... 19

*United States ex. rel. Durkin v. Cty. of San Diego*, 300 F. Supp. 3d 1107 (S.D. Cal. 2018) .......... 24

*In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049 (9th Cir. 2008) .......... 23

*United States ex rel. Hastings v. Wells Fargo Bank, NA, Inc.*, 656 Fed. App'x 328 (9th Cir. 2016) .......... 19

*United States ex. rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166 (9th Cir. 2006) .......... 24

*United States ex rel. Hong v. Newport Sensors, Inc.*, No. SACV 13-1164-JLS, 2016 WL 8929246 (C.D. Cal. May 19, 2016) .......... 14, 17

*United States ex rel. Jones v. Sutter Health*, 2021 WL 3665939 (N.D. Cal. Aug. 18, 2021) .......... 26

*Lesnik v. Eisenmann SE*,
374 F. Supp. 3d 923 (N.D. Cal. 2019)....................10

*United States ex. rel. Mateski v. Raytheon Co.*,
816 F.3d 565 (9th Cir. 2016)....................11, 15

*United States ex. rel. Modglin v. DJO Global Inc.*,
114 F.Supp.3d 993 (C.D. Cal. 2015)....................25

*United States ex rel. Relator LLC v. Kellog*,
No. 23-cv-118-CAB-BLM, 2025 WL 897439 (S.D. Cal. Mar. 24, 2025)....................*passim*

*United States ex rel. Relator LLC v. Lim, No. 3:22-cv-04715 AGT (N.D. Cal. Apr. 23, 2025)*....................17

*United States ex rel. Relator, LLC v. Kootstra*,
No. 1:22-cv-00924-TLN-CDB, 2024 WL 3666470 (E.D. Cal. Aug. 6, 2024)....................*passim*

*United States ex rel. Rose v. Stephens Inst.*,
909 F.3d 1012 (9th Cir. 2018)....................19

*U.S. ex rel. Rosner v. WB/Stellar IP Owner, LLC*,
739 F.Supp.2d 396 (S.D.N.Y. 2010)....................13

*Salameh v. Tarsadia Hotel*,
726 F.3d 1124 (9th Cir. 2013)....................10

*Schindler Elevator Corp. v. United States ex rel. Kirk*,
563 U.S. 401 (2011)....................12

*United States ex rel. Schutte v. SuperValu Inc.*,
598 U.S. 739 (2023)....................24

*Silbersher v. Valeant Pharmaceuticals Int'l, Inc.*,
89 F.4th 1154 (9th Cir. 2024)....................15

*United States ex rel. Solis v. Millennium Pharmaceuticals, Inc.*,
885 F.3d 623 (9th Cir. 2018)....................12, 14

*United States ex. rel. Swoben v. United Healthcare Ins. Co.*,
848 F.3d 1161 (9th Cir. 2016)....................21, 22, 26

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007) .......... 10

*United States v. Alcan Elec. & Eng'g, Inc.*,
197 F.3d 1014 (9th Cir. 1999) .......... 11, 12

*United States v. Corinthian Coll.*,
655 F.3d 984 (9th Cir. 2011) .......... 10, 25

*United States v. Villaspring Health Care Ctr., Inc.*,
2011 WL 6337455 (E.D. Ky. Dec. 19, 2011) .......... 26

**Statutes**

15 U.S.C. § 636 .......... 22

31 U.S.C. § 3729 .......... 10, 24

31 U.S.C. § 3730 .......... 11, 12, 17, 18

CARES Act .......... 8, 22

False Claims Act .......... *passim*

Inspector General Reform Act of 2008, Pub. L. 110-409, 122 Stat. 4302 .......... 13

Paycheck Protection Program as Amended by Economic Aid Act .......... 22

**Other Authorities**

13 CFR 120.110 .......... 20

Fed. R. Civ. P. 9(b) .......... *passim*

Fed. R. Civ. P. 12(b)(6) .......... 9, 10, 21, 23

## I. INTRODUCTION

Defendant The Shady Canyon Golf Club, Inc. ("**Shady Canyon**" or "**Club**") hereby moves to dismiss the complaint in this action ("**Complaint**") filed by plaintiff Relator LLC ("**Relator LLC**") (the "**Motion**").

Shady Canyon, a business that employed approximately 160 employees in the relevant time period, operates a private golf club in Irvine, California. Like many businesses, Shady Canyon was detrimentally impacted by COVID-19. In 2020, Shady Canyon applied for and received a loan of approximately $1.689 million under the federal Paycheck Protection Program ("**PPP**"), to assist and ensure the Club's ability to meet its payroll obligations during the pandemic.

Relator LLC is a corporate entity formed solely for the purpose of bringing dozens of nearly-identical lawsuits across the country alleging violations of the False Claims Act ("**FCA**") against businesses such as Shady Canyon, which obtained loans under the PPP. Relator LLC does not allege that it was or is a Shady Canyon employee, had any relationship with Shady Canyon, or had or has any independent information about Shady Canyon and the subject of the Complaint that cannot be obtained from public sources.

The FCA, however, is not a vehicle for opportunistic plaintiffs to bring suits for alleged harm to the federal government based solely upon publicly disclosed allegations or transactions, which the government alone has the right to pursue under the FCA. It is, therefore, no surprise that Courts have dismissed with prejudice other complaints filed by Relator LLC with claims substantially similar to the claims asserted against Shady Canyon. *See, e.g., United States ex rel. Relator, LLC v. Kootstra*, No. 1:22-cv-00924-TLN-CDB, 2024 WL 3666470 (E.D. Cal. Aug. 6, 2024) (ruling that Relator LLC's complaint should be dismissed based upon the "public disclosure bar" provisions of the FCA); *United States ex rel. Relator LLC v. Kellog*, No. 23-cv-118-CAB-BLM, 2025 WL 897439, at *3 (S.D. Cal. Mar. 24,

2025) (same).

In the present case, the Court should dismiss Relator LLC's Complaint for three reasons:

***First***, the statutory public disclosure bar precludes parasitic lawsuits such as the Complaint, which asserts FCA claims based solely upon publicly available information. Relator LLC's Complaint is based entirely on information contained in the database called PandemicOversight.gov —a publicly available website maintained by the United States government—and other websites and public information sources. In addition, Relator LLC does not fall under the sole potential exception to the public disclosure bar, which is that the plaintiff relator is an "original source" of the publicly available information about Shady Canyon contained in the Complaint.

Two months ago, in another FCA suit brought by Relator LLC with virtually identical claims against another private club (the La Jolla Tennis Club), the District Court for the Southern District of California granted defendant's motion to dismiss with prejudice, based upon finding that the public disclosure bar applied to Relator LLC's complaint. *See United States ex rel. Relator LLC v. Kellog*, No. 23-cv-118-CAB-BLM, 2025 WL 897439, at *3 (S.D. Cal. Mar. 24, 2025). Specifically, the District Court ruled that:

(1) information disclosed on PandemicOversight.Gov, other government websites, and online news media sources were qualifying public disclosures;

(2) the allegations in Relator LLC's complaint were "substantially similar" to the publicly disclosed information and transactions; and

(3) Relator LLC was and is not an "original source" of the disclosed information. *Id.* at *4-*5.

The District Court therefore concluded that the public disclosure bar applied and that Relator LLC's complaint must be dismissed with prejudice. *Id.* at *5. Similarly, this Court should conclude that the public disclosure bar applies to

Relator LLC's Complaint, which must be dismissed with prejudice.

***Second***, Relator LLC's Complaint fails to meet the heightened particularity requirement of Federal Rule 9(b), which applies to claims under the FCA. Relator LLC also fails to allege facts plausibly supporting a conclusion of scienter, as required by the FCA. Thus, the Complaint should be dismissed.

***Third***, Relator LLC sued two individual defendants in the Complaint and accused them of committing a deliberate and intentional fraud against the federal government under the FCA. The individual defendants are the former CEO and CFO of the Club, Steven Sunshine ("**Mr. Sunshine**") and Jon Christy ("**Mr. Christy**"). Relator LLC has not sought the issuance of summonses to serve and has not served these individual defendants. Nonetheless, it bears emphasis, as the Court considers this Motion, that the Complaint is bereft of any facts (including the who, what, when, and how of the alleged fraud) to support the serious accusations of fraud against Messrs. Sunshine and Christy.

In sum, Relator LLC's Complaint must be dismissed and no conceivable amendment would salvage the mandatory dismissal under the public disclosure bar. Shady Canyon thus requests that the Court dismiss the Complaint with prejudice.

## II. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Shady Canyon is a California nonprofit mutual benefit corporation that operates a private golf club in Irvine, California. Compl. ¶ 4.

On March 27, 2020, Congress enacted the PPP under Section 1102 of the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (2020) ("**CARES Act**"). The CARES Act authorized loans to help small businesses (defined as less than 500 employees) keep their workforce employed during the COVID-19 pandemic. Compl. ¶ 24. In addition, the CARES Act authorized third-party lenders to underwrite and approve PPP loans on behalf of the Small Business Administration ("**SBA**") based upon borrower applications. *Id.* ¶¶ 28-30.

Shady Canyon applied for and received one PPP loan in the amount of $1,689,200.00. *Id.* ¶ 45. Shady Canyon reported that it had a payroll consisting of 160 employees – a fact the Complaint nowhere disputes. Borges Decl., ¶ 2, Ex. A. This and other information concerning Shady Canyon's sole PPP loan are available on the federal government's PandemicOversight.Gov website. *Id.*

On January 23, 2023, Relator LLC filed its Complaint in this action under seal. ECF No. 1.

On January 10, 2025, the United States Attorney's Office for the Central District of California declined to intervene and pursue this action on behalf of the United States. ECF No. 26. Accordingly, on January 13, 2025, this Court partially unsealed this action and ordered Relator LLC to serve the Complaint. ECF No. 27.

On April 9, 2025, the Complaint was served on Shady Canyon. On April 24, 2025, Relator LLC and Shady Canyon filed a Stipulation providing for a 30 day extension of time to respond to the Complaint up to May 29, 2025.[1] ECF No. 32.

## III. LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements

[1] The Stipulation was signed by only Relator LLC and Shady Canyon. ECF No. 32. As noted, the docket shows that Relator LLC has not sought issuance of summonses to serve Mr. Sunshine or Mr. Christy; and neither individual defendant has been served. As noted above, while this Motion is brought by Shady Canyon, it bears emphasis that nowhere does the Complaint allege particular facts of the "who, what, when, and how" of the alleged willful fraud on the federal government that Relator LLC accuses these individuals of committing.

of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Relator LLC's allegations that Shady Canyon made false statements in violation of the FCA are subject to the heightened pleading requirements of Federal Rule 9(b). *United States v. Corinthian Coll.*, 655 F.3d 984, 992 (9th Cir. 2011). Rule 9(b) requires that a party "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy this requirement, a "complaint must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (citing *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011)).

In addition, a relator under the FCA must allege facts plausibly demonstrating that the defendant *knowingly* committed one or more of the statutorily-enumerated violations. *See* 31 U.S.C. § 3729(a)(1)(A)-(a)(1)(G).

In ruling on a Rule 12(b)(6) motion, the court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference and matters of which the court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court is not bound to accept as true legal conclusions couched as a factual allegation, *Twombly*, 550 U.S. at 555, nor is it bound to "accept as true allegations contradicted by judicially noticeable facts." *Lesnik v. Eisenmann SE*, 374 F. Supp. 3d 923, 937 (N.D. Cal. 2019). "[The court] may look beyond plaintiff's complaint to matters of public record without converting the Rule 12(b)(6) motion into a motion for summary judgment[.]" *Id.* (internal citations omitted).

## IV. ARGUMENT

### A. Relator LLC's Claims Must Be Dismissed Pursuant to the FCA's Public Disclosure Bar.

The FCA's public disclosure bar provides as follows:

> **The court shall dismiss an action or claim under this section**, unless opposed by the Government, **if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed**—
>
> (i) in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party;
>
> (ii) in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or
>
> (iii) from the news media,
>
> **unless** the action is brought by the Attorney General or **the person bringing the action is an original source of the information**.

31 U.S.C. § 3730(e)(4)(A) (emphasis added). The public disclosure bar furthers the FCA's intent "to encourage suits by whistle-blowers with genuinely valuable information, while discouraging litigation by plaintiffs who have *no significant information of their own to contribute*." *United States ex. rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 570 (9th Cir. 2016) (emphasis added). Congress enacted the bar to prevent "parasitic lawsuits" by "opportunistic plaintiffs with no significant information to contribute of their own." *Id.* (citing *Graham Cty. Soil & Water Conservation Dist. v. United States ex. rel. Wilson*, 559 U.S. 280, 294 (2010)); *Campbell v. Redding Med. Ctr.*, 421 F.3d 817, 820 (9th Cir. 2005) (The public disclosure bar seeks to prevent "opportunistic individuals from bringing qui tam actions—and sharing in the government's recovery—when they have done nothing to expose the allegations of fraud.").

In the Ninth Circuit, courts analyze applicability of the public disclosure bar under a two-step inquiry. *United States v. Alcan Elec. & Eng'g, Inc.*, 197 F.3d 1014, 1018 (9th Cir. 1999).

First, the court determines whether there was a prior public disclosure of the allegations or transactions underlying the suit through one of the statute's enumerated sources. *Id.*; 31 U.S.C. § 3730(e)(4)(A). In this regard, the Supreme Court has observed that the public disclosure bar applies with a "generally broad scope" to the source in which the disclosure occurs, and that the phrase "allegations or transactions" is "wide-reaching." *Schindler Elevator Corp. v. United States ex rel. Kirk*, 563 U.S. 401, 408 (2011).

Second, if there is a qualifying public disclosure, the court must dismiss the claim unless the relator is an original source of the information. *Id.* at 407-408; 31 U.S.C. § 3730(e)(4)(B). To avoid dismissal, the relator bears the burden of demonstrating that it is an original source of information. *U.S. ex rel. Biddle v. Board of Trustees of the Leland Stanford, Jr. Univ.*, 161 F.3d 533, 540 (9th Cir. 1998), *cert. denied*, 526 U.S. 1066 (1999).

In the present case, Relator LLC's Complaint is based solely upon publicly disclosed information and transactions and must be dismissed. Further, Relator LLC does not plead and cannot plead facts demonstrating that it is an "original source." Thus, the dismissal must be with prejudice.

**1. The Complaint is Based Solely Upon Publicly Disclosed Information.**

In the Ninth Circuit, the "public disclosure bar is triggered if three conditions are met: (1) the disclosure at issue occurred through one of the channels specified in the statute; (2) the disclosure was public; and (3) the relator's action is substantially the same as the allegation or transaction publicly disclosed." *United States ex rel. Solis v. Millennium Pharmaceuticals, Inc.*, 885 F.3d 623, 626 (9th Cir. 2018) (internal quotations omitted). All three conditions are present here.

**(a) The First Two Requirements of the Public Disclosure Bar Are Satisfied.**

In this case, the public disclosures of the facts and transactions alleged in the

Complaint occurred through one of the channels specified in the statute, and the disclosures were public.

The Complaint alleges that on April 3, 2020, Shady Canyon was approved for and received a PPP loan in the amount of $1,689,200.00. Compl. ¶¶ 2, 45. This transaction and the facts alleged in Relator LLC's Complaint are publicly available on a page titled "PPP Borrower Search" on an "official website of the United States government," PandemicOversight.gov, which has a ".gov" web address (the "**Website**"). Borges Decl., ¶ 2, Ex. A.

The Website is maintained by the federal government's Pandemic Response Accountability Committee of the Council of the Inspectors General on Integrity and Efficiency, and is accessible and searchable by any member of the public with an internet connection. *See* Inspector General Reform Act of 2008, Pub. L. 110-409, 122 Stat. 4302. Moreover, the Website qualifies as a "report" for purposes of the public disclosure bar. *See Kootstra*, 2024 WL 3666470, at *4; *U.S. ex rel. Rosner v. WB/Stellar IP Owner, LLC*, 739 F.Supp.2d 396, 407 (S.D.N.Y. 2010) (a "database available on a government website" can qualify as a "report" under the public disclosure bar when "readily available," "free," and "easily navigable").

Searching for "Shady Canyon Golf Club" on the Website returns results showing that on April 3, 2020, Shady Canyon was approved for one PPP loan in the amount of $1,689,200.00; and that Shady Canyon is in the "Arts, Entertainment, and Recreation" industry. *Id.* The Website also discloses other information about the PPP loan to Shady Canyon, in fact, more information than is contained in the Complaint: the full name of the business that received the loan; the loan amount; the date the loan was approved; the lender; the loan amount forgiven; the date the loan amount was forgiven; the number of jobs reported, the number of loans; the spending category; and the industry. Borges Decl., ¶ 2, Ex. A.

In dismissing similar canned claims resting on facts pulled from the same Website by Relator LLC in another action, the court in *Kootstra*, *supra*, 2024 WL

3666470, at *4, confirmed that PandemicOversight.gov qualifies as an official channel under the public disclosure bar as a federal report. *Kootstra*'s analysis is sound, and this Court should reach the same conclusion.

Similarly, the relevant PPP rules, regulations, SBA guidance and forms, on which the Complaint relies, are also publicly available on government websites. Borges Decl., ¶¶ 3 & 4, Exs. B & C (excerpts from sba.gov and federalregister.gov).

In addition to the information published by the federal government on the Website, the information in Relator LLC's Complaint is publicly available in news media sources. Specifically, a news website called ProPublica.Org maintains a database of PPP loan recipients that furnishes the same information about Shady Canyon's PPP loan as the federal government Website. Borges Decl., ¶ 5, Ex. D (excerpt from ProPublica website).

Finally, the fact that Shady Canyon is an exclusive, private, members-only golf club with expensive membership fees is publicly disclosed in news media websites. Borges Decl., ¶ 6, Ex. E (excerpt from website of Irvine Standard newspaper); *see also* Compl. at ¶¶ 3, 4. Information accessible to the public on these websites qualifies as "news media" for purposes of the public disclosure bar. *See United States ex rel. Hong v. Newport Sensors, Inc.*, No. SACV 13-1164-JLS (JPRx), 2016 WL 8929246, at *5 (C.D. Cal. May 19, 2016) ("Information publicly available on the Internet generally qualifies as news media" under the FCA's public disclosure bar) (citing *United States ex rel. Carter v. Bridgeport Educ., Inc.*, No. 10–CV–1401 JLS (WVG), 2015 WL 4892259, at *6 n.4 (S.D. Cal. Aug. 17, 2015)).

**(b) The Third Requirement of the Public Disclosure Bar is Also Satisfied.**

The allegations in Relator LLC's Complaint are "substantially the same" as the facts and transactions about Shady Canyon and its PPP loan publicly disclosed in the government Website, other websites dedicated to information about PPP loans, and public news media. *Solis*, 885 F.3d at 626.

The prior public disclosures can reveal either allegations (i.e., a direct claim of fraud) or transactions (i.e., the disclosure of facts "from which fraud can be inferred"). *Mateski*, 816 F.3d at 571. Thus, the prior public disclosures need not contain an explicit *allegation* of fraud, "so long as the material elements of the allegedly fraudulent *transaction* are disclosed in the public domain." *Id.* (emphasis added) (internal quotation marks omitted). Analysis of this question is governed by the following framework set forth by the Ninth Circuit:

> [I]f X + Y = Z, Z represents the allegation of fraud and X and Y represent its essential elements. In order to disclose the fraudulent transaction publicly, the combination of X and Y must be revealed, from which readers or listeners may infer Z, i.e., the conclusion that fraud has been committed.

*Mateski*, 816 F.3d at 571 (first alternation in original) (quoting *United States ex rel. Found. Aiding the Elderly v. Horizon W., Inc.*, 265 F.3d 1011, 1015 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1189 (9th Cir. 2001)). Congress sought to prohibit *qui tam* actions when ***either*** the allegations of fraud ***or*** the facts revealing the alleged fraudulent transactions were in the public domain. In other words, if either side of the equation is disclosed—"X+Y" (the transactions) or "Z" (the allegations)—the suit is barred. *Id.*; *see also Silbersher v. Valeant Pharmaceuticals Int'l, Inc.*, 89 F.4th 1154, 1167 (9th Cir. 2024) ("[T]he variables X and Y stand for the fundamental elements of fraud: a misrepresented state of facts and a true state of facts." (internal quotation marks omitted)).

Applying this framework to Relator LLC's Complaint, "X" represents the fact that Shady Canyon is a private golf club that "applied for and received a PPP loan in the total amount of at least $1,689,200.00" based upon certifications of eligibility. "Y" represents the SBA's exclusion of private clubs that restrict membership for reasons other than capacity from eligibility for PPP loans, combined with the alleged fact that Shady Canyon was a private golf club that restricted membership based upon criteria other than capacity (such as a requirement of paying expensive

membership fees). Together, the combination of publicly-disclosed X and Y allow for the inference of "Z," that is, a potential "inference fraud must have occurred." *Kootstra*, 2024 WL 3666470, at *4.

The decision of the District Court for the Southern District of California in *Kellog*, *supra*, is instructive regarding application of the public disclosure bar in this case. In the present case, as in *Kellog*, Relator LLC alleges that the private club defendant, in fact, was not eligible for a PPP loan on the ground that the club was private, for members only, and expensive; and that therefore, one can infer the club restricted membership for reasons other than capacity. *Kellog*, 2025 WL 897439, at *1. As with Shady Canyon, the facts and transactions regarding the club defendant in *Kellog* (the La Jolla Tennis Club), including that it was a private club, for members only, with expensive dues, were all publicly disclosed in the Website (i.e., PandemicOversight.Gov) and news media sources. *Id.* at *3-*4. Thus, the Court in *Kellog* reasoned that the public disclosures were "substantially similar" to Relator LLC's allegations because the publicly disclosed "X" (the fact that the defendant club obtained a PPP loan) and "Y" (the guidelines regarding prohibition on certain clubs receiving PPP loans, along with the fact that the defendant club was private, exclusive and expensive, which allowed for an inference of restricting membership for reasons other than capacity) together permitted an inference of "Z" that potential fraud had been committed. *Id.* at *4. *Kellog*, therefore, is on all fours with this case, and as a result, the public disclosure bar requires the dismissal of the Complaint.

The decision of the District Court in *Kootstra*, *supra*, also supports dismissal of Relator LLC's Complaint based on the public disclosure bar. In this case, as in *Kootstra*, the "thrust of Relator's Complaint is that Defendants applied for and obtained a PPP loan despite knowing they were ineligible to do so . . . ." *Kootstra*, 2024 WL 3666470, at *4. Here, as in *Kootstra*, however, the "the material elements of the alleged fraud" in Relator LLC's Complaint were publicly disclosed. *See id.*

(“Not only does Relator allege, Defendants reported being a mortgage lender on the PPP application, but that information is also reflected on PandemicOversight.gov.”).

From the above information (the “X+Y”), the “readers or listeners may infer” the “Z,” the “conclusion that fraud has been committed — namely that defendants falsely and/or fraudulently applied for a PPP loan despite being ineligible to do so.” *Kootstra*, 2024 WL 3666470, at *4 (internal quotation marks omitted); *see also United States ex rel. Relator LLC v. Lim, No. 3:22-cv-04715 AGT (N.D. Cal. Apr. 23, 2025), ECF No. 51* (concluding, similar to *Kellog*, that public disclosure bar applied because mortgage lender’s obtaining PPP loans and its ineligibility for PPP loans were publicly disclosed on PandemicOversight.Gov website); *Kellog*, 2025 WL 897439, at *4; *see also Hong*, 2016 WL 8929245, at *5 (public database listings, faculty profiles, and reports constituted “transaction” and Relator LLC’s allegations were substantially similar to the publicly disclosed facts).

In sum, the allegations in Relator LLC’s Complaint are “substantially similar” to the prior public disclosures, and the Complaint must be dismissed based on the public disclosure bar.

**2. Relator LLC is not an “Original Source” of the Public Disclosure.**

Once, as here, the public disclosure bar applies, “[t]he court shall dismiss [the] action . . . unless . . . the person bringing the action is an original source of the information.” 31 U.S.C. § 3730(e)(4)(A). An “original source” must be either an individual who has (1) voluntarily disclosed to the Government information on which the allegations are based, or (2) has knowledge that is “independent of and materially adds” to the publicly disclosed allegations or transactions and voluntarily provided that information to the Government prior to the filing of the action. 31 U.S.C. § 3730(e)(4)(B).

Relator LLC’s Complaint alleges no facts demonstrating that it is an “original source,” and instead asserts the legal conclusion that “it is the ‘original source’

within the meaning of 31 U.S.C. § 3730(e)(4)(B) and/or the public disclosure is a result of Relator voluntarily providing this information to the United States Government prior to filing this *qui tam* action" Compl., ¶ 57.

Notwithstanding Relator LLC's self-serving legal conclusion that it is an "original source," it is uncontroverted that all the allegations of the Complaint are based entirely upon prior publicly disclosed information on government websites and news media. Also, Relator LLC did not even exist until long after the public disclosures discussed above, rendering it impossible for Relator LLC to provide information voluntarily to the federal government such that the public disclosures would have been "a result of Relator providing this information to the United States Government" as Relator LLC alleges. Further, the Complaint contains no allegations of information or knowledge held by Relator LLC that is "independent of and materially adds" to the information already revealed in the publicly disclosed transactions available years before Relator LLC even came into existence.

It is undisputed that Relator LLC, a limited liability company, was formed only a few months before filing the Complaint in this action, which is purely derived from and based upon previously publicly disclosed facts and transactions *See* Borges Decl., ¶ 7, Ex. F (articles of organization for Relator LLC filed with California Secretary of State on May 31, 2022). Relator LLC's most recent statement of information filed with the California Secretary of State shows that its two managers are Anoush Hakimi and Peter Shahriari, two Los Angeles lawyers with no prior connection to Shady Canyon. *See id.*, ¶¶ 8 & 9, Exs. G & H (profiles from website of The Law Office of Hakimi & Shahriari). Nor does the Complaint allege that Relator LLC or anyone affiliated with it was ever an employee of or had prior knowledge of Shady Canyon's PPP loan. Relator LLC makes no effort to allege its purported sources of knowledge for the allegations in the Complaint, because they are all public sources. Given that Relator LLC does not allege actual facts to the contrary and the Complaint demonstrates that it is based entirely on

public disclosures, Relator LLC does not qualify as an "original source." *See Kootstra*, 2024 WL 3666470, at *5 ("Relator's allegations appear to be based entirely on public information. Relator does not cite — nor can the Court locate— any information in the Complaint that materially adds to the public disclosures or shows that Relator had any independent knowledge of the alleged fraud."); *United States ex rel. Hastings v. Wells Fargo Bank, NA, Inc.*, 656 Fed. App'x 328, 331-32 (9th Cir. 2016) ("Allegations do not materially add to public disclosures when they provide only background information and details relating to the alleged fraud—they must add value to what the government already knew.").

In sum, the public disclosure bar applies and the Complaint must be dismissed.[2]

### B. Relator LCC Fails to Allege With Particularity that Shady Canyon Made Any False Statements.

The Court also should dismiss the Complaint because it is does not plead with particularity facts establishing any false statements or certifications. Therefore, Relator LLC has failed to plead the first element of an FCA claim—that there was "a false statement or fraudulent course of conduct." *United States ex rel. Rose v. Stephens Inst.*, 909 F.3d 1012, 1017 (9th Cir. 2018).

In the Complaint, Relator LLC offers only conclusory assertions to support the following alleged false statements:

- Shady Canyon falsely certified that it was eligible for a PPP loan because it is a private members-only country club and was therefore a type of

[2] Leave to amend should be denied because an amended pleading cannot cure deficiencies based on the public disclosure bar. *See United States ex rel. Carter v. Bridgepoint Educ., Inc.*, No. 10–CV–1401 JLS (WVG), 2015 WL 4892259, at *7 (S.D. Cal. Aug. 17, 2015) ("The Court agrees with Defendants that leave to amend would be futile. None of the [proposed additional factual information] would alter the fact that the current action was based upon public disclosures.").

business that was not eligible (Compl. ¶¶ 45, 47);

- Shady Canyon falsely certified that the PPP loan it received was necessary to support its ongoing operations (Compl. ¶¶ 45, 49);
- Shady Canyon falsely certified that it would use the proceeds of the PPP loan it obtained for business-related purposes consistent with the PPP rules (Compl. ¶¶ 45, 48);
- Shady Canyon falsely certified that it would use the proceeds of the PPP loan it obtained to retain workers and maintain payroll in accordance with the PPP rules (Compl. ¶¶ 35, 45);
- Shady Canyon falsely certified that it understood "the rules and guidelines of the PPP" (Compl. ¶¶ 45, 46); and
- Shady Canyon falsely certified that the information provided in its PPP loan application "is true and accurate in all material respects." (Compl. ¶¶ 37, 45, 50, 51).

Relator LLC's conclusory pleading of alleged false statements does not meet the heightened particularity requirements of Rule 9(b).

**1. Relator LLC Fails to Allege With Particularity That Shady Canyon Misrepresented Its Eligibility for its PPP Loan.**

Relator LLC's Complaint focuses on Shady Canyon's alleged ineligibility for the PPP loan. Relator LLC's theory appears to be as follows:

First, the Complaint quotes from an Interim Final Rule implementing the PPP issued by the SBA on April 15, 2020 (the "April 15 Interim Final Rule") that stated, in relevant part: "Businesses that are not eligible for PPP loans are identified in 13 CFR 120.110 and described further in SBA's Standard Operating Procedure (SOP) 50 10, Subpart B, Chapter 2 . . . ." Business Loan Program Temporary Changes; Paycheck Protection Program, 85 Fed. Reg. 20,811, 20,812 (Apr. 15, 2020) (to be codified at 13 C.F.R. pt. 120).

Second, the Complaint cites 13 C.F.R. § 120.110(i), which provides that

"[p]rivate clubs and business which limit the number of memberships for reasons other than capacity" are among the types of business that are ineligible for SBA business loans.

Third, Relator LLC contends that, in fact, Shady Canyon falls within the above prohibition, making it ineligible for a PPP loan, and rendering false its certification that it was eligible.

As a threshold matter, Shady Canyon disputes the contention that prohibition set forth in 13 C.F.R. § 120.110(i) applies to its PPP loan application at all. According to the government's records, Shady Canyon's PPP loan application was approved on April 3, 2020. Borges Decl., ¶ 2, Ex. A (excerpt from pandemicoversight.gov). Although issued with immediate effect, the SBA regulation referring to the list of ineligible business types set forth in 13 C.F.R. § 120.110 was not issued until April 15, 2020. The Complaint is completely devoid of any allegations or explanation why a loan application approved on April 3, 2020, can be fraudulent based on a regulation or guideline not even in effect until April 15, 2020.

Even assuming that the April 15 Interim Final Rule applies to Shady Canyon's PPP loan application and, consequently, the prohibition set forth in 13 C.F.R. § 120.110(i) renders Shady Canyon ineligible, the Complaint's allegations are insufficient. To satisfy Rule 9(b), the Complaint must "allege the who, what, when, where, and how of the misconduct charged," and "what is false or misleading about a statement, and why it is false." *United States ex. rel. Swoben v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016) (internal quotation marks omitted). Furthermore, a complaint will not survive a motion to dismiss under Rule 12(b)(6) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

None of the Complaint's allegations as to why Shady Canyon was ineligible for a PPP loan are stated with particularity. Rather, the Complaint alleges in

conclusory fashion, with no details, that Shady Canyon is "a private, members-only club" that is "not open to the general public," and that "[t]here are many restrictions to joining [Shady Canyon] that have nothing to do with the club's capacity." Compl. ¶ 4. The Complaint also offers the self-serving conclusion that Shady Canyon "lied about the true nature of their business." *Id.* at ¶ 5. These "unadorned" assertions are not supported by any substantiating "factual enhancement" that explains how Shady Canyon limits its membership in a way that renders it ineligible for a PPP loan. *Iqbal*, 556 U.S. at 678. In sum, the Complaint fails to "allege the who, what, when, where, and how" regarding the allegation that Shady Canyon "lied about the true nature of their business." *Swoben*, 848 F.3d at 1180.

**2. Relator LLC Fails to Allege With Particularity That Shady Canyon Misrepresented Its Economic Necessity for Its PPP Loan.**

The CARES Act required that PPP loan applicants "make a good faith certification . . . that the uncertainty of current economic conditions makes necessary the loan request to support the ongoing operations of the eligible recipient." 15 U.S.C. § 636(a)(36)(G)(i). Shortly after issuing the April 15 Interim Final Rule, in May 2020, the SBA issued further guidance creating "a **safe harbor** providing that any PPP borrower, together with its affiliates, that received PPP loans with an original principal amount of **less than $2 million** will be **deemed** to have made the required certification concerning the necessity of the loan request in **good faith**." Business Loan Program Temporary Changes; Paycheck Protection Program as Amended by Economic Aid Act, 86 Fed. Reg. 3692, 3706 (Jan. 14, 2021) (to be codified at 13 C.F.R. pts. 113, 120, 121) (emphasis added).

Shady Canyon obtained one PPP loan in the amount of $1,689,200.00, which brings the Club within the safe harbor of the SBA guidance. Even if the safe harbor did not apply, however, the Complaint's allegations as to Shady Canyon's need for the PPP loan are still insufficient. Relator LLC alleges that Shady Canyon "did not

need the money," that Shady Canyon had "access to ready funds because membership dues were fully paid with minimal or no delinquencies" at the time of the loan application. Compl. ¶¶ 9, 49. Relator LLC also vaguely alleges that "[t]here is every indication that [Shady Canyon's] business continued to thrive and have positive revenue," and that "[t]here is no evidence of any business loss. Business was good." *Id.* These intentionally vague statements amount to speculation about Shady Canyon's financial condition at the time it applied for a PPP loan that cannot survive a Rule 12(b)(6) motion to dismiss. *See, e.g.*, *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (the court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" (internal quotation marks omitted)).

**3. Relator LLC Fails to Allege With Particularity That Shady Canyon Made Other False Statements or Certifications.**

The Complaint again alleges in conclusory fashion that Shady Canyon falsely certified that it understood the rules and guidelines of the PPP, that it would use PPP loan proceeds for business-related purposes consistent with the PPP rules, and that it did not make any false statements on its PPP loan application form. *Compare, e.g.*, Compl. at 13, ¶ 46, *United States ex rel. Relator LLC v. Kellog*, No. 23-cv-118-CAB-BLM, 2025 WL 897439 (S.D. Cal. Mar. 24, 2025), ECF No. 1 ("Defendants signed the loan applications, thereby endorsing the Understanding Certification, which means that they agreed that they understood the rules and guidelines of the PPP . . . ."), *with* Compl. ¶ 46 ("Defendants signed the loan applications, thereby endorsing the Understanding Certification, which means that they agreed that they understood the rules and guidelines of the PPP . . . .").

More importantly, Relator LLC fails to plead a single fact to support the contention that Shady Canyon used its PPP loan proceeds for improper purposes or any of the remaining two alleged false statements, instead reverting to the same defective allegations supporting Shady Canyon's alleged ineligibility for the PPP

loan. *See* Compl. ¶ 48 ("The proceeds of the PPP Loans were not and could not have been used only for business-related purposes consistent with the Paycheck Protection Program Rule, because, among other things, [Shady Canyon] was not an eligible business . . . .").

### C. Relator LLC Fails To Plausibly Allege Scienter.

Relator LLC's failure to adequately plead that Shady Canyon "knowingly" violated the FCA furnishes another ground for dismissal of the Complaint. To clear this bar, Relator LLC must plausibly allege facts establishing that Shady Canyon acted (1) with actual knowledge, (2) "in deliberate ignorance of the truth or falsity of the information," or (3) "in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b)(1)(A)(i)-(b)(1)(A)(iii). Merely alleging knowledge of the existence of regulatory requirements is insufficient; Relator LLC must allege knowledge **as to the false claim itself**. *See United States ex rel. Schutte v. SuperValu Inc.*, 598 U.S. 739, 752 (2023) (focus of scienter is "what the defendant thought when submitting the false claim—not what the defendant may have thought after submitting it") (emphasis in original); *see also United States ex. rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1172 (9th Cir. 2006) ("request for payment containing falsities made with scienter (i.e., with knowledge of the falsity and with intent to deceive) must exist" (citation omitted) ); *United States ex. rel. Durkin v. Cty. of San Diego*, 300 F. Supp. 3d 1107, 1128-30 (S.D. Cal. 2018) (relator failed to allege scienter where relator "fail[ed] to address how [d]efendant deliberately ignored or recklessly disregarded the truth or falsity of the statements" and instead "focus[ed] on [d]efendant's deliberate ignorance or reckless disregard for the requirements to obtain funding").

Here, out of the 66 paragraphs in the Complaint, only four address the FCA's scienter requirement. Compl. ¶¶ 7, 45, 52, 60. None, however, does anything more than make the conclusory allegation that "Defendants knowingly and intentionally made" the alleged false claims. *Id.* at ¶ 7. The Complaint does not specifically

allege whether Shady Canyon or any individual acting on its behalf acted with actual knowledge, deliberate ignorance, or reckless disregard, let alone allege any facts supporting any of the three theories of scienter. In support of the scienter allegation, Relator LLC once again offers only vague speculation, such as the assertions that Sunshine and Christy "are businesspeople who are responsible for the legal and effective operation of" the club and "[i]t is difficult to imagine that a business like this would take this amount of money, from the government, without performing a thorough review of its legality." *Id.* The Complaint does not explain which specific individual(s) made the alleged false statements on Shady Canyon's behalf, nor how such an individual acted with knowledge that any of the statements were false, or acted with deliberate ignorance or reckless disregard as to the falsity of the statements.

While "[t]he knowledge or scienter element of a fraud claim need not be pleaded with particularity . . . knowledge must still be pleaded sufficiently to make entitlement to relief plausible." *United States ex. rel. Modglin v. DJO Global Inc.*, 114 F.Supp.3d 993, 1011-12 (C.D. Cal. 2015) (quoting *Owens v. Bank of America, N.A.*, No. 11–cv–4580–YGR, 2013 WL 1820769, *4 (N.D. Cal. Apr. 30, 2013)). "A complaint therefore must set out sufficient factual matter from which a defendant's knowledge of a fraud might reasonably be inferred." *United States ex. rel. Anita Silingo v. WellPoint, Inc.*, 904 F.3d 667, 679-680 (9th Cir. 2018). Relator LLC has failed to do so.

**D. <u>Relator LLC Fails to State a Claim Against Sunshine and Christy.</u>**

"Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Corinthian Colls.*, 655 F.3d at 997-98 (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007)). "A plaintiff must 'identify the role of each defendant in the alleged fraudulent

scheme.'" *Swoben*, 848 F.3d at 1184 (quoting *Corinthian Colls.*, 655 F.3d at 997-98); *see also Umansky*, 2025 WL 873015, at *4 (dismissing individual defendants where Relator LLC "engage[d] in impermissible group pleading" by failing to include "any specific allegation that [the individual defendants] themselves falsely certified information in the PPP applications or participated in the fraudulent certification").

Here, the Complaint contains only two paragraphs referring to Sunshine and Christy; one paragraph alleges that Sunshine "is an individual and, at all relevant times herein, is and was the Chief Executive Officer" of Shady Canyon, and the other alleges that Christy "is an individual and, at all relevant times herein, is and was the Chief Financial Officer" of Shady Canyon. Compl. ¶¶ 20, 21. These two paragraphs fall far short of meeting the heightened 9(b) standard required to plead a claim of fraud against Sunshine and Christy. *See United States ex rel. Jones v. Sutter Health*, 2021 WL 3665939, at *8 (N.D. Cal. Aug. 18, 2021) (relator failed to state claim against individual defendants where the complaint "barely mentions some defendants at all"); *United States v. Villaspring Health Care Ctr., Inc.*, 2011 WL 6337455, at *9 (E.D. Ky. Dec. 19, 2011) (complaint failed to state claim against individual defendant where the complaint "barely mentions [defendant] by name"); *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Because Relator LLC does not, and cannot, state a claim against defendants Sunshine and Christy, Relator LLC's claim against them also should be dismissed with prejudice.

## V. CONCLUSION

For the foregoing reasons, Shady Canyon requests that the Court grant this Motion to Dismiss without leave to amend.

DATED: May 29, 2025

GREENBERG GROSS LLP

By: Evan C Borges

Wayne R. Gross
Evan C. Borges
Roy Fan
Attorneys for Defendant The Shady Canyon Golf Club, Inc.

`

**L.R. 11-6.2. Certificate of Compliance**

The undersigned, counsel of record for the moving party certifies that this brief contains 6,803 words, which complies with the word limit of L.R. 11-6.1.

DATED: May 29, 2025

GREENBERG GROSS LLP

By: 

Wayne R. Gross
Evan C. Borges
Roy Fan
Attorneys for Defendant The Shady Canyon Golf Club, Inc.