WAYNE R. GROSS, State Bar No. 138828
*WGross@GGTrialLaw.com*
EVAN C. BORGES, State Bar No. 128706
*EBorges@GGTrialLaw.com*
ROY FAN, State Bar No. 343653
*RFan@GGTrialLaw.com*
GREENBERG GROSS LLP
650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

Attorneys for Defendant The Shady Canyon Golf Club, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

*ex rel.* RELATOR LLC, a California limited liability company,

Relator,

v.

STEVEN SUNSHINE, an individual; JON CHRISTY, an individual; and THE SHADY CANYON GOLF CLUB, INC., a California non-profit corporation; and DOES 1-10, inclusive,

Defendants.

Case No. 8:23-cv-00134-JVS-ADSx

**DEFENDANT THE SHADY CANYON GOLF CLUB, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

*Filed concurrently with Notice of Motion, Memorandum of Points and Authorities, Declaration of Evan C. Borges, and [Proposed] Order*

Date: June 30, 2025
Time: 1:30 p.m.
Place: Ronald Reagan Federal Building and U.S. Courthouse
411 West Fourth Street
Courtroom 10C
Santa Ana, CA 92701
Judge: Hon. James V. Selna

Action Filed: January 23, 2023
Trial Date: Not Set

## I. INTRODUCTION

Pursuant to Federal Rule of Evidence 201(b) and the doctrine of incorporation by reference, Defendant The Shady Canyon Golf Club, Inc. ("**Shady Canyon**") hereby files this request for judicial notice of documents ("**Request for Judicial Notice**") cited in its Notice of Motion and Motion to Dismiss Complaint ("**Shady Canyon's Motion to Dismiss**"). These documents are attached as exhibits to the concurrently filed Declaration of Evan C. Borges ("**Borges Declaration**").

All of these documents are matters of public record, and the facts contained therein are generally known within this jurisdiction, can be accurately and readily verified, and are not subject to reasonable dispute. They therefore are proper subjects for judicial notice.

## II. DOCUMENTS SUBMITTED

The documents attached as **Exhibits A through H** to the Borges Declaration are described as follows:

1. **Exhibit A**: An excerpt of PPP borrower information for Shady Canyon obtained by performing a PPP borrower search for Shady Canyon on the PandemicOversight.gov website (last accessed May 29, 2025). The PandemicOversight.gov PPP borrower search tool is publicly available at: https://www.pandemicoversight.gov/ppp-simple-search-landing.

2. **Exhibit B**: A webpage displaying the text of an interim final rule titled *Business Loan Program Temporary Changes; Paycheck Protection Program*, 85 Fed. Reg. 20,811, issued by the Small Business Administration ("**SBA**") on April 15, 2020, publicly available at: https://www.federalregister.gov/documents/2020/04/15/2020-07672/business-loan-program-temporary-changes-paycheck-protection-program.

3. **Exhibit C**: A webpage from the SBA's website titled "First Draw PPP loan" (last accessed May 29, 2025). This webpage is publicly available at: https://www.sba.gov/funding-programs/loans/covid-19-relief-options/paycheck-

protection-program/first-draw-ppp-loan.

4. **Exhibit D**: An excerpt of PPP borrower information for Shady Canyon obtained by performing a search for Shady Canyon on a webpage titled "Tracking PPP" on the ProPublica.Org website (last accessed May 29, 2025). This webpage is publicly available at: https://projects.propublica.org/coronavirus/bailouts/loans/shady-canyon-golf-club-inc-4519317009.

5. **Exhibit E**: An Irvine Standard article dated November 2, 2021, titled "Shady Canyon: One of OC's Most Prestigious Communities" (last accessed May 29, 2025). This document is publicly available at: https://www.irvinestandard.com/2021/shady-canyon-one-of-ocs-most-prestigious-communities/.

6. **Exhibit F**: The Articles of Incorporation for Relator LLC, filed with the California Secretary of State by Organizer Anoush Hakimi of The Law Office of Hakimi & Shahriari on May 31, 2022. This document is publicly available at: https://bizfileonline.sos.ca.gov/search/business.

7. **Exhibit G**: A webpage displaying the profile of Anoush Hakimi, Esq. from the website of The Law Office of Hakimi & Shahriari (last accessed May 29, 2025). This webpage is publicly available at: https://www.handslawgroup.com/anoush-hakimi.html.

8. **Exhibit H**: A webpage displaying the profile of Peter Shahriari, Esq. from the website of The Law Office of Hakimi & Shahriari (last accessed May 29, 2025). This webpage is publicly available at: https://www.handslawgroup.com/peter-shahriari.html.

## III. LEGAL STANDARD

When ruling on a motion to dismiss, a court may consider material that is appropriate for judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Courts may take judicial notice of facts that are "not subject

to reasonable dispute." Fed. R. Evid. 201(b). Facts are not subject to reasonable dispute where they (1) are "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.*

Courts may take judicial notice of "undisputed matters of public record." *United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Public records, including "documents on file in federal or state courts," are proper subjects of judicial notice. *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). Similarly, "documents available on government websites" may also be judicially noticed. *Jarvis v. JP Morgan Chase Bank, N.A.*, 2010 WL 2927276, at *1 (C.D. Cal. July 23, 2010).

## IV. ARGUMENT

### A. Exhibit A May Be Judicially Noticed.

Exhibit A is PPP borrower information for Shady Canyon obtained by performing a borrower search on www.PandemicOversight.gov, a website of the Pandemic Response Accountability Council, a federal entity established within the Council of Inspectors General on Integrity and Efficiency under Section 15010(b) the Coronavirus Aid, Relief, and Economic Security Act to "conduct and support oversight" of the federal government's response to the COVID-19 pandemic. Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, 134 Stat. 281 (2020).

Another Court has judicially noticed this same information finding that the results of the PPP borrower search are not subject to reasonable dispute because they "contain facts that can 'accurately and readily be determined from [a] source[] whose accuracy cannot reasonably be questioned,'" the website of a government entity. *United States ex rel. Relator, LLC v. Kootstra*, No. 1:22-cv-00924-TLN-CDB, 2024 WL 3666470, at *3 n. 2 (E.D. Cal. Aug. 6, 2024) (taking judicial notice

of excerpts of PPP borrower information obtained from PandemicOversight.gov on the basis that is an official government website, a source whose accuracy cannot reasonably be questioned) (citation omitted); *see also Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (taking judicial notice on motion to dismiss of information on the websites of two school districts because they are government entities and neither party disputed the authenticity or accuracy of the information); Order Granting Motion to Dismiss with Leave to Amend at 4 n.1, *United States ex rel. Relator LLC v. Lim*, No. 3:22-cv-04715 AGT (N.D. Cal. Apr. 23, 2025), ECF No. 51 (taking judicial notice of information on PandemicOversight.gov).

Accordingly, the Court may take judicial notice of Exhibit A.

**B. <u>Exhibits B, and C May Be Judicially Noticed.</u>**

Exhibit B is a webpage displaying the text of an interim final rule titled *Business Loan Program Temporary Changes; Paycheck Protection Program*, 85 Fed. Reg. 20,811, issued by the SBA on April 15, 2020. Exhibit C is a webpage from the SBA's website titled "First Draw PPP loan."

Exhibits B and C are not subject to reasonable dispute because they are both excerpts from government websites. *See, e.g., Latiff v. Nestle USA Inc.*, No 2:18-CV-06503-ODW (JPRx), 2019 WL 4544544, at *2 (C.D. Cal. Sept. 19, 2019) (taking judicial notice of exhibits "from a government website"); *Molina v. Washington Mut. Bank*, No. 09-CV-00894-IEG (AJB), 2010 WL 431439, at *3 (S.D. Cal. Jan. 29, 2010) ("Information on government agency websites has often been treated as properly subject to judicial notice"); *Cty. of Santa Clara v. Astra USA, Inc.*, 401 F. Supp.2d 1022, 1024 (N.D. Cal. 2005) (taking judicial notice of information posted on a Department of Health and Human Services web site).

Accordingly, the Court may take judicial notice of Exhibits B and C.

**C. <u>Exhibits D and E May Be Judicially Noticed.</u>**

Exhibit D is an excerpt from the website of ProPublica, an investigative

journalism organization. Exhibit E is a an online news article published by the Irvine Standard on its website on November 2, 2021.

A court may take judicial notice of publicly available newspaper and magazine articles, as well as web pages to "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (internal quotation marks omitted); *see also Gerritsen v. Warner Bros. Ent. Inc.*, 112 F.Supp.3d 1011, 1029 (C.D. Cal. 2015) ("[T]o the extent the court can take judicial notice of press releases and news articles, it can do so only to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." (internal quotation marks omitted)).

Accordingly, the Court may take judicial notice of Exhibits D and E.

**D. Exhibit F May Be Judicially Noticed.**

Exhibit E is the Articles of Incorporation for Relator LLC, filed with the California Secretary of State by organizer Anoush Hakimi of The Law Office of Hakimi & Shahriari on May 31, 2022. This exhibit is an undisputed matter of public record and thus is properly subject to judicial notice. *Maxon v. Fuller Theological Seminary*, 549 F. Supp. 3d 1116, 1122 (C.D. Cal. 2020) (taking judicial notice of articles of incorporation that "are a public record taken from the website of the office for the Secretary of State of California"); *see also United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008) (a court "may take judicial notice of matters of public record and may consider them without converting a Rule 12 motion into one for summary judgment"); *Galindo v. Ocwen Loan Servicing, LLC*, 282 F. Supp. 3d 1193, 1198 (N.D. Cal. 2017) (holding that matters of public record are appropriate subjects for judicial notice); *Singleton v. Volunteers of Am.*, 2013 WL 5934647, at *2 (N.D. Cal. Nov. 4, 2013) (taking judicial notice of defendant's articles of incorporation).

Accordingly, the Court may take judicial notice of Exhibit F.

**E. Exhibits G and H May Be Judicially Noticed.**

Exhibits G and H are excerpts from websites. These are a proper subject of judicial notice because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also Wible v. Aetna Life Ins. Co.*, 375 F.Supp.2d 956, 965-66 (C.D. Cal. 2005) (taking judicial notice of Amazon web pages); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F.Supp.2d 974, 983-85 (N.D. Cal. 2010) (taking judicial notice of videogame screen shots and materials from defendant Microsoft's website).

Accordingly, the Court may take judicial notice of Exhibits G and H.

## V. CONCLUSION

For the foregoing reasons, the eight documents identified in this Request for Judicial Notice, attached to the Borges Declaration and cited in Shady Canyon's Motion to Dismiss, are judicially noticeable pursuant to Federal Rule of Evidence 201(b)(2). Shady Canyon, therefore, respectfully requests that the Court, in connection with its adjudication of Shady Canyon's Motion to Dismiss, take judicial notice of Exhibits A through H to the accompanying Borges Declaration.

DATED: May 29, 2025 GREENBERG GROSS LLP

By: Evan C Borges

Wayne R. Gross
Evan C. Borges
Roy Fan
Attorneys for Defendant The Shady Canyon Golf Club, Inc.

`