WAYNE R. GROSS, State Bar No. 138828
*WGross@GGTrialLaw.com*
EVAN C. BORGES, State Bar No. 128706
*EBorges@GGTrialLaw.com*
ROY FAN, State Bar No. 343653
*RFan@GGTrialLaw.com*
GREENBERG GROSS LLP
650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

Attorneys for Defendant The Shady Canyon Golf Club, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

*ex rel.* RELATOR LLC, a California limited liability company,

Relator,

v.

STEVEN SUNSHINE, an individual; JON CHRISTY, an individual; and THE SHADY CANYON GOLF CLUB, INC., a California non-profit corporation; and DOES 1-10, inclusive,

Defendants.

Case No. 8:23-cv-00134-JVS-ADSx

**REPLY BRIEF OF DEFENDANT THE SHADY CANYON GOLF CLUB, INC. IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

Date: June 30, 2025
Time: 1:30 p.m.
Place: Ronald Reagan Federal Building and U.S. Courthouse
411 West Fourth Street
Courtroom 10C
Santa Ana, CA 92701
Judge: Hon. James V. Selna

Action Filed: January 23, 2023
Trial Date: Not Set

# TABLE OF CONTENTS


**Page**

I. INTRODUCTION .......... 6

II. ARGUMENT .......... 7

A. The Public Disclosures At Issue in this Case. .......... 7

B. The FCA's Public Disclosure Bar Requires Dismissal of Relator LLC's Complaint. .......... 10

1. Relator LLC's Claims Were Disclosed Through Qualifying Public Channels. .......... 10

2. Relator LLC's Complaint is Barred Because the Public Disclosures are Substantially Similar to Relator LLC's Allegations. .......... 14

3. The District Court in *Kellog*, on Virtually Identical Facts, Found that the Public Disclosure Bar Required Dismissal With Prejudice of a Complaint by Relator LLC Against the La Jolla Tennis Club. .......... 15

4. Relator LLC is Not an Original Source. .......... 16

C. Relator LLC Fails to Allege Any False Statements With Particularity. .......... 17

1. Relator LLC's Complaint Fails to Allege Sufficient Facts to Support Shady Canyon's Alleged Ineligibility. .......... 17

2. Relator LLC Fails to Plead with Particularity Any False Statement Regarding Shady Canyon's Economic Necessity for the PPP Loan. .......... 18

3. Relator LLC Fails to Allege With Specificity That Loan Proceeds Were Not Used for Eligible Expenses. .......... 19

D. Relator LLC Fails to Allege Scienter .......... 19

E. Relator LLC Fails to Allege Claims Against Mr. Sunshine and Mr. Christy. .......... 22

III. CONCLUSION .......... 24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A-1 Ambulance Serv., Inc. v. California*,
202 F.3d 1238 (9th Cir. 2000) .......... 14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 19

*United States ex rel. Craig v. Hawthorne Machinery Co.*,
No.: 20-cv-1625-WQH-AHG, 2024 WL 4294878 (S.D. Cal. Sept. 25, 2024) .......... 19, 20

*United States ex rel. Durkin v. County of San Diego*,
300 F. Supp. 3d 1107 (S.D. Cal. 2018) .......... 20, 21

*United States ex rel. Green v. Serv. Contract Educ. & Training Trust Fund*,
843 F.Supp.2d 20 (D.D.C.2012) .......... 13

*United States ex rel. Hong v. Newport Sensors, Inc.*,
No. SACV 13-1164-JLS, 2016 WL 8929246 (C.D. Cal. May 19, 2016) .......... 9, 10, 11

*United States ex rel. Integra Med Analytics LLC v. Providence Health & Services*,
No. CV 17-1694 PSG, 2019 WL 3282619 (C.D. Cal. July 16, 2019) .......... 12

*United States ex rel. Jacobs v. JPMorgan Chase Bank, N.A.*,
113 F.4th 1294 (11th Cir. 2024) .......... 12

*United States ex rel. Jones v. Sutter Health*,
2021 WL 3665939 (N.D. Cal. Aug. 18, 2021) .......... 21

*United States ex. rel. Mateski v. Raytheon Co.*,
816 F.3d 565 (9th Cir. 2016) .......... 14

*United States ex. rel. Modglin v. DJO Global Inc.*,
114 F.Supp.3d 993 (C.D. Cal. 2015) .......... 21

*Moss v. U.S. Secret Service*,
572 F.3d 962 (9th Cir. 2009) .......... 19

*United States ex rel. Osheroff v. Humana, Inc.*,
776 F.3d 805 (11th Cir. 2015) .......... 12, 13

*Papasan v. Allain*,
478 U.S. 265 (1986) .......... 21

*United States ex rel. Relator LLC v. iLink Emp'rs Co.*,
No. 5:22-cv-01004-RGK-DTB, 2024 WL 3892980 (C.D. Cal. July 11, 2024) .......... 22

*United States ex rel. Relator LLC v. iLink Emp'rs Co.*,
No. 5:22-cv-01004-RGK-DTB, 2024 WL 4197344 .......... 22

*United States ex rel. Relator LLC v. Kellog*,
No. 23-cv-118-CAB-BLM, 2025 WL 897439 (S.D. Cal. March 24, 2025) .......... 7, 10, 15, 16

*United States ex rel. Relator, LLC v. Kootstra*,
No. 1:22-cv-00924-TLN-CDB, 2024 WL 3666470 (E.D. Cal. Aug. 6, 2024) .......... 8, 10

*U.S. ex rel. Rosner v. WB/Stellar IP Owner, LLC*,
739 F.Supp.2d 396 (S.D.N.Y. 2010) .......... 8, 10

*Schindler Elevator Corp. v. United States ex rel. Kirk*,
563 U.S. 401 (2011) .......... 8, 11

*United States. ex rel. Schutte v. SuperValu Inc.*,
598 U.S. 739 (2023) .......... 21

*United States ex rel. Simpson v. Bayer Corp.*,
No. 05–3895, 2013 WL 4710587 (D.N.J. Aug. 30, 2013) .......... 13

*United States ex rel. Solis v. Millennium Pharmaceuticals, Inc.*,
885 F.3d 623 (9th Cir. 2018) .......... 10

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir.2007) .......... 23

*United States ex rel. Unite Here v. Cintas Corp.*,
No. C 06-2413 PJH, 2007 WL 4557788 (N.D. Cal. Dec. 21, 2007) .......... 11

*United States v. 1850 Bryant Land LLC*,
No. 21-cv-05742-RS, 2023 WL 4297585 (N.D. Cal. June 30, 2023) .......... 22

*United States v. Corinthian Colls.*,
655 F.3d 984 (9th Cir. 2011) .......... 19, 23

*United States v. Kiewit Pac. Co.*,
41 F. Supp. 3d 796 (2014) .......... 22

*Adomitis ex rel. United States v. San Bernardino Mountains Cmty. Hosp. Dist.*,
816 F. App'x 64 (9th Cir. 2020) .......... 21

*Universal Health Servs., Inc. v. United States ex rel. Escobar*,
579 U.S. 176 (2016) .......... 19

**Statutes and Other Authorities**

13 C.F.R. § 120.110 .......... 15, 17, 18

15 U.S.C. § 636 .......... 18

31 U.S.C. § 3730 .......... 12, 15

Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Section 1102 Stat. 281 (2020) .......... 17, 18

False Claims Act .......... *passim*

F.R.C.P. 9(b) .......... 7, 17, 23

Inspector General Reform Act of 2008, Pub. L. 110-409, 122 Stat. 4302 .......... 8

Defendant The Shady Canyon Golf Club, Inc. ("**Shady Canyon**") hereby submits this Reply in Support of its Motion to Dismiss the Complaint ("**Complaint**") filed by Relator LLC ("**Motion**").

## I. INTRODUCTION

The law does not require that the Court jettison common sense or ignore undisputed publicly-disclosed facts. In fact, under the public disclosure bar of the False Claims Act ("FCA"), Congress has mandated that if a private plaintiff brings an FCA action substantially based upon publicly-disclosed facts and transactions, which is the sole province of the federal government, the Court "shall" dismiss the complaint. The only exception is where the private plaintiff can establish that it is an "original source." In this case, Relator LLC's Opposition does not even try to argue that it qualifies as an original source. Thus, if Relator LLC's Complaint is substantially based upon prior publicly-disclosed facts and transactions, the Complaint must be dismissed with prejudice.

Relator LLC's Opposition asks the Court to ignore publicly-disclosed facts and transactions upon which the Complaint in this action is based. Further, the Opposition adopts the untenable premise that somehow, highly-expensive, private, and members only golf clubs such as Shady Canyon, with 18 hole golf courses that serve as centerpieces of the most expensive gated communities in Southern California, have been able to operate in the shadows – **without** their true identity as private, "exclusive," and highly expensive clubs being known to the federal government or for that matter the public.

In addition, Relator LLC asserts that based upon conveniently unidentified non-public information, Relator LLC alone has been able to infer and reach the conclusion that – due to Shady Canyon's publicly disclosed PPP loan, combined with the fact that it is an "exclusive," private, and expensive golf club – Shady Canyon allegedly was ineligible for a PPP loan on the ground that it limited membership for reasons other than capacity. Therefore, based entirely on an

inference of fraud drawn solely from publicly-disclosed facts, which have been and remain equally available and known to the federal government, Relator LLC purports to argue that the public disclosure bar does not apply. But that is not the law. To the contrary, based upon publicly-disclosed facts and transactions that were public long before Relator LLC came into existence, this is a quintessential case for application of the public disclosure bar, and the Complaint should and must be dismissed with prejudice.

In addition, the Complaint should be dismissed due to Relator LLC's failure to plead fraud with particularity under Federal Rule 9(b); its failure to plead facts plausibly supporting a conclusion of scienter; and its failure to plead *any* facts whatsoever regarding the "who, what, when, and how" of the willful fraud against the federal government that Relator LLC accuses individual defendants Steven Sunshine and Jon Christy of committing.

No potential amendment has been offered or suggested by Relator LLC, and none will salvage the Complaint from dismissal under the public disclosure bar. Specifically, this case is on all fours with a Complaint filed by Relator LLC against another private club, the La Jolla Tennis Club, which the District Court for the Southern District of California dismissed with prejudice approximately three months ago. *See United States ex rel. Relator LLC v. Kellog*, No. 23-cv-118-CAB-BLM, 2025 WL 897439, at *5 (S.D. Cal. March 24, 2025). Shady Canyon thus requests that the Court dismiss the Complaint in this action without leave to amend.

## II. <u>ARGUMENT</u>

### A. <u>The Public Disclosures At Issue in this Case.</u>

In determining whether there has been a prior public disclosure of the allegations or transactions underlying a relator's complaint through one of the FCA's enumerated sources, the United States Supreme Court has observed that the public disclosure bar applies with a "generally broad scope" to the source in which the disclosure occurs, and that the phrase "allegations or transactions" is "wide-

reaching." *Schindler Elevator Corp. v. United States ex rel. Kirk*, 563 U.S. 401, 408 (2011).

In this case, as explained in the Motion, the prior public disclosures that bar Relator LLC's Complaint include, without limitation, the following:

**1. <u>The Federal Government Website PandemicOversight.gov.</u>**

***First***, the transactions and facts alleged in Relator LLC's Complaint are publicly available on a page titled "PPP Borrower Search" on an "official website of the United States government," PandemicOversight.gov, which has a ".gov" web address (the "**Website**"). Borges Decl., ¶ 2, Ex. A.

The Website is maintained by the federal government's Pandemic Response Accountability Committee of the Council of the Inspectors General on Integrity and Efficiency, and is accessible and searchable by any member of the public with an internet connection. *See* Inspector General Reform Act of 2008, Pub. L. 110-409, 122 Stat. 4302. Moreover, the Website qualifies as a "report" for purposes of the public disclosure bar. *See Kootstra*, 2024 WL 3666470, at *4; *U.S. ex rel. Rosner v. WB/Stellar IP Owner, LLC*, 739 F.Supp.2d 396, 407 (S.D.N.Y. 2010) (a "database available on a government website" can qualify as a "report" under the public disclosure bar when "readily available," "free," and "easily navigable").

Searching for "Shady Canyon Golf Club" on the Website returns results showing that on April 3, 2020, Shady Canyon was approved for one PPP loan in the amount of $1,689,200.00; and that Shady Canyon is in the "Arts, Entertainment, and Recreation" industry. *Id.* The Website discloses other information about the PPP loan to Shady Canyon, in fact, more information than is contained in the Complaint: the full name of the business that received the loan; the loan amount; the date the loan was approved; the lender; the loan amount forgiven; the date the loan amount was forgiven; the number of jobs reported, the number of loans; the spending category; and the industry. Borges Decl., ¶ 2, Ex. A.

**2. <u>The News Media Website ProPublica.Org</u>.**

***Second***, the information in Relator LLC's Complaint is publicly available in news media sources. Specifically, a news website called ProPublica.Org maintains a database of PPP loan recipients that furnishes the same information about Shady Canyon's PPP loan as the federal government Website. Borges Decl., ¶ 5, Ex. D (excerpt from ProPublica website). Notably, the ProPublica.Org news website describes Shady Canyon's industry as "**Golf Courses and Country Clubs**." *Id*. (emphasis added).

**3. <u>The Irvine Standard Online Newspaper Article</u>.**

***Third***, the fact that Shady Canyon is an exclusive, private, members-only golf club with expensive membership fees is publicly disclosed in news media websites. Borges Decl., ¶ 6, Ex. E (excerpt from website of Irvine Standard newspaper); *see also* Compl. at ¶¶ 3, 4. Specifically, the online Irvine Standard newspaper article describes Shady Canyon as follows:

> **A major local draw is the Shady Canyon Golf Club [with a] 300-acre course,** designed by the celebrated architect Tom Fazio . . . . **The private club**, which includes a 43,000-square-foot clubhouse, tennis courts and a 6,700-foot wellness center, **is by invitation only, and you have to be sponsored. Initiation fees reportedly run more than $100,000, on top of the monthly fees**.

Borges Decl., ¶ 6, Ex. E (emphasis added).

Information accessible to the public on the above website qualifies as "news media" for purposes of the public disclosure bar. *See United States ex rel. Hong v. Newport Sensors, Inc.*, No. SACV 13-1164-JLS (JPRx), 2016 WL 8929246, at *5 (C.D. Cal. May 19, 2016) ("Information publicly available on the Internet generally qualifies as news media" under the FCA's public disclosure bar) (citing *United States ex rel. Carter v. Bridgeport Educ., Inc.*, No. 10–CV–1401 JLS (WVG), 2015 WL 4892259, at *6 n.4 (S.D. Cal. Aug. 17, 2015)).

**B. The FCA's Public Disclosure Bar Requires Dismissal of Relator LLC's Complaint.**

In the Ninth Circuit, the "public disclosure bar is triggered if three conditions are met: (1) the disclosure at issue occurred through one of the channels specified in the statute; (2) the disclosure was public; and (3) the relator's action is substantially the same as the allegation or transaction publicly disclosed." *United States ex rel. Solis v. Millennium Pharmaceuticals, Inc.*, 885 F.3d 623, 626 (9th Cir. 2018) (internal quotations omitted). All three conditions are present here.

**1. Relator LLC's Claims Were Disclosed Through Qualifying Public Channels.**

Relator LLC does not (and cannot) refute that disclosures made on the Website, PandemicOversight.gov, constitute disclosures made through a federal report—i.e., through a statutorily approved channel for purposes of triggering the bar. *See United States ex rel. Relator, LLC v. Kootstra*, No. 1:22-cv-00924-TLN-CDB, 2024 WL 3666470, at *4 (E.D. Cal. Aug. 6, 2024) (information disclosed on the Website constitutes a "federal report" within the meaning of the public disclosure bar); *see also United States ex rel. Relator LLC v. Kellog*, No. 23-cv-118-CAB-BLM, 2025 WL 897439, at *3 (S.D. Cal. March 24, 2025) (same); *United States ex rel. Rosner v. WB/Stellar IP Owner, LLC*, 739 F. Supp. 2d 396, 405, 407 (S.D.N.Y. 2010) (A "database available on a government website" can qualify as a "report" under the public disclosure bar when that database is "readily available," "free," and "easily navigable."). PandemicOversight.gov also qualifies as information available to the public on the internet. *See United States ex rel. Hong v. Newport Sensors, Inc.*, No. SACV 13-1164-JLS (JPRx), 2016 WL 8929246, at *5 (C.D. Cal. May 19, 2016) ("Information publicly available on the Internet generally qualifies as 'news media.'").

In the Opposition, Relator LLC does not address the public disclosure in the news website, ProPublica.Org, that Shady Canyon's industry is "**Golf Courses and**

**Country Clubs,**" which publicly disclosed that Shady Canyon was and is a golf course and country club.

Regarding the public disclosure in the Irvine Standard online newspaper describing Shady Canyon as a "**private club** . . . **by invitation only, and you have to be sponsored. Initiation fees reportedly run more than $100,000, on top of the monthly fees**[,]" which publicly discloses that Shady Canyon may be a private club that limits membership for reasons other than capacity, the Opposition asks that the Court ignore this public information. Specifically, Relator LLC argues that the article about Shady Canyon "is not the type of 'news media' that could plausibly alert the federal government about the fraudulent nature of [Shady Canyon]'s PPP Loan application." Opposition at 19.

Relator LLC's narrow and self-serving view of what constitutes "news media" that triggers the public disclosure bar ignores a public statement about what, in truth, is already a well-known public fact about Shady Canyon being an exclusive and private club, which also can be inferred from the ProPublica.Org website description of Shady Canyon's industry as "Golf Courses and Country Clubs."

Relator LLC's "head in the sand" approach to news media as not constituting public media available to the public contradicts the Supreme Court's statement in *Schindler* that "[t]he other sources of public disclosure in § 3730(e)(4)(A), **especially 'news media,'** suggest that the public disclosure bar provides 'a broa[d] sweep.'" 563 U.S. at 408 (emphasis added); *see also, e.g.*, *Hong*, 2016 WL 8929246, at *5 ("Information publicly available on the Internet generally qualifies as 'news media.'"); *United States ex rel. Unite Here v. Cintas Corp.*, No. C 06-2413 PJH, 2007 WL 4557788, at *14 (N.D. Cal. Dec. 21, 2007) ("The 'fact' of the contracts between Cintas and the federal government was publicly disclosed in the news media, as that information was available on the Internet.").

Therefore, considered in light of the broad scope of "news media" as stated by the Supreme Court, an online article published by a newspaper, the Irvine

Standard, falls within the scope of 31 U.S.C. § 3730(e)(4)(A)(iii). *See United States ex rel. Jacobs v. JPMorgan Chase Bank, N.A.*, 113 F.4th 1294, 1301 (11th Cir. 2024) ("These blogs —no matter their precise size or sweep—are publicly available websites that bill themselves as disseminating foreclosure-related and mortgage-related information to the public. . . . In short, we conclude that the blog articles 'qualify as news media' under the FCA's public disclosure bar . . . ."); *United States ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 813 (11th Cir. 2015) (a "clinic['s] publicly available websites, which are intended to disseminate information about the clinic['s] programs" were news media for the purposes of the FCA's public disclosure bar).

To support its interpretation of "news media" as not including news media contrary to Relator LLC's theory of the case, Relator LLC relies on *United States ex rel. Integra Med Analytics LLC v. Providence Health & Services*, No. CV 17-1694 PSG (SSx), 2019 WL 3282619 (C.D. Cal. July 16, 2019) for the proposition that "the term 'news media' cannot include all information available to the public from any source." Opp. at 18.

The *Integra* case, however, supports Shady Canyon's position. After considering the subset of information available online that might fit within the scope of "news media" in the FCA, the *Integra* court observed that "while there may be some debate in society about whether non-traditional sources, like blogs, should be considered part of the news media, the fact that at least some people would describe them as such is likely enough to bring them within the public disclosure bar's 'broad scope.'" *Integra*, 2019 WL 3282619, at *15. As a result, if a blog post can qualify as "news media" based on *Integra*, the Irvine Standard article describing Shady Canyon should qualify as well. The article conveys "information that would commonly be found in a [] news source," and is intended for "disseminat[ion] [of] information widely," and operates like a "traditional outlet," thus falling within the "broad ordinary meaning" of the term "news media." *Id.* at *14-*15.

In trying to get this Court to ignore the Irvine Standard article because it publicly discloses Shady Canyon's potential ineligibility for a PPP loan and therefore bars Relator LLC's Complaint, Relator LLC describes the article as "a paid promotion" that "reads like an advertisement." Opp. at 19. Even accepting Relator LLC's characterization, federal courts have held that a news article containing promotional material does not fall outside the ambit of "news media" solely due to the presence of promotional material. *See, e.g.*, *Osheroff*, 776 F.3d at 813 ("Because the term 'news media' has a broad sweep, we conclude that the newspaper advertisements and the clinics' publicly available websites, which are intended to disseminate information about the clinics' programs, qualify as news media for purposes of the public disclosure provision."); *United States ex rel. Simpson v. Bayer Corp.*, No. 05–3895, 2013 WL 4710587, at *7 (D.N.J. Aug. 30, 2013) ("[P]romotional website[s] geared toward the dissemination of information" could qualify as news media); *United States ex rel. Green v. Serv. Contract Educ. & Training Trust Fund*, 843 F.Supp.2d 20, 32–33 (D.D.C.2012) ("readily accessible" promotional websites qualified as news media).

In sum, while it may be inconsistent with Relator LLC's assertion that based on alleged unspecified non-public sources, Relator LLC alone discovered that Shady Canyon as a private, exclusive, and expensive club may be ineligible for a PPP loan, the common sense and indisputable fact is that the Irvine Standard article, by describing Shady Canyon as private, exclusive, requiring sponsorship by another member, and being extremely expensive to join, publicly stated what in the real world, the federal government and general public knew all along. The Irvine Standard article describing Shady Canyon is a qualifying public disclosure and falls within the meaning of "news media."

/ / /

/ / /

### 2. Relator LLC's Complaint is Barred Because the Public Disclosures are Substantially Similar to Relator LLC's Allegations.

Next, Relator LLC attempts to challenge the sufficiency of the publicly-disclosed information. Relator LLC argues that the previously disclosed information provides only "bare facts about the nature of the loan that the government already approved," and does not qualify as a transaction or allegation of fraud that is substantially similar to the allegations underlying Relator LLC's claim. Opp. at 17, 20. Under the Ninth Circuit's formula to determine a permissible inference of fraud:

> [I]f X + Y = Z, Z represents the allegation of fraud and X and Y represent its essential elements. In order to disclose the fraudulent transaction publicly, the combination of X and Y must be revealed, from which readers or listeners may infer Z, i.e., the conclusion that fraud has been committed.

*United States ex. rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 571 (9th Cir. 2016). *Id.* (citation omitted, alteration in original). X and Y represent two elements: "'a misrepresented state of facts and a true state of facts.'" *Id.* (citation omitted).

All that must be disclosed is **information sufficient to infer** the material elements of an alleged fraud; nothing more. *See A-1 Ambulance Serv., Inc. v. California*, 202 F.3d 1238, 1245 (9th Cir. 2000) ("That the disclosed transactions themselves may not have pointed directly to any wrongdoing is simply of no moment."); *Mateski*, 816 F.3d at 571 ("The substance of the disclosure" for the public disclosure bar "need not contain an explicit 'allegation' of fraud . . . so long as the material elements of the allegedly fraudulent 'transaction' are disclosed in the public domain.").

As explained in the Motion, in this case:

> "X" represents the fact that Shady Canyon is a private golf club that "applied for and received a PPP loan in the total amount of at least $1,689,200.00" based upon certifications of eligibility. "Y" represents the SBA's

> exclusion of private clubs that restrict membership for reasons other than capacity from eligibility for PPP loans, combined with the alleged fact that Shady Canyon was a private golf club that restricted membership based upon criteria other than capacity (such as a requirement of paying expensive membership fees). Together, the combination of publicly-disclosed X and Y allow for the inference of "Z," that is, a potential "inference fraud must have occurred."

Motion at 13-14 (citation omitted). As such, the alleged material facts underlying Shady Canyon's purported fraud have been publicly disclosed.[1]

### 3. The District Court in *Kellog*, on Virtually Identical Facts, Found that the Public Disclosure Bar Required Dismissal With Prejudice of a Complaint by Relator LLC Against the La Jolla Tennis Club.

This Court should follow the decision of the District Court for the Southern District of California, on virtually identical facts, in *United States ex rel. Relator LLC v. Kellog*, No. 23-cv-118-CAB-BLM, 2025 WL 897439 (S.D. Cal. Mar. 24, 2025). In *Kellog*, Relator LLC brought a near-identical suit under the FCA against the La Jolla Beach & Tennis Club, which Relator LLC alleged is "an exclusive members only private club in La Jolla, California." *Id.* at *1. In *Kellog*, as in the present case, Relator LLC alleged that the defendant club violated the FCA by falsely certifying that it was eligible, despite being an ineligible private club under 13 C.F.R. § 120.110(i), by falsely certifying that the PPP loans the defendant

---

[1] Relator LLC argues that the Irvine Standard article about Shady Canyon "could not have possibly alerted the government about the nature of" Shady Canyon's business or its ineligibility because the article was published on November 2, 2021, "prior to the completion of the fraud." Opp. at 19. Relator LLC cites no authority for the proposition that the qualifying public disclosures must put the government on alert of the alleged fraud prior to the completion of the fraud. In fact, the FCA provides for only one temporal limitation related to public disclosures: an action must be dismissed if filed *after* a public disclosure, through a qualifying channel, of "substantially the same allegations or transactions as alleged in the action." 31 U.S.C. § 3730(e)(4)(A).

received was economically necessary, and by making several other false certifications derivative of the allegation that the defendant falsely certified its PPP eligibility. *United States ex rel. Relator LLC v. Kellog*, No. 23-cv-118-CAB-BLM (S.D. Cal. Jan. 23, 2023), ECF No. 1, ¶¶ 45-51 (Complaint); *United States ex rel. Relator LLC v. Kellog*, No. 23-cv-118-CAB-BLM (S.D. Cal. July 5, 2024), ECF No. 26, ¶¶ 58-63 (Amended Complaint); *United States ex rel. Relator LLC v. Kellog*, No. 23-cv-118-CAB-BLM (S.D. Cal. Dec. 27, 2024), ECF No. 36, ¶¶ 61-66 (Second Amended Complaint). The Court dismissed Relator LLC's Second Amended Complaint with prejudice on the ground that the public disclosure bar applied to Relator LLC's suit, reasoning that:

> [T]he "X" is the **information on the government website *and the news articles* which *discloses that Defendant is an "exclusive" country club and obtained a PPP loan***. The "Y" is the general PPP guideline publicly available on the SBA's sba.gov website which states that private clubs that limit membership for reasons other than capacity are not eligible for PPP loans. In fact, [Relator LLC's Second Amended Complaint] specifically alleges that the SBA regulations "are clear that private clubs that limit membership for reasons other than capacity are not eligible whatsoever to obtain PPP loans". . . and that "even a brief review of the rules would reveal that these types of clubs cannot take PPP money" . . . . Thus, by Plaintiff's own allegations, such a prohibition was clearly and publicly available prior to the filing of the complaint.

*Kellog*, 2025 WL 897439, at *4. (emphasis added).

This Court should follow the analysis of the District Court in *Kellog*, and conclude that Relator LLC's Complaint must be dismissed because "the material elements of the alleged fraud – that Defendants applied for a PPP loan despite being an 'exclusive' club – were publicly disclosed." *Kellog*, 2025 WL 897439, at *4.

**4. Relator LLC is Not an Original Source.**

As noted above, Relator LLC in its Opposition does not attempt to argue that it qualifies as an "original source." Thus, the only potentially applicable exception to the public disclosure bar does not apply.

**C. <u>Relator LLC Fails to Allege Any False Statements With Particularity.</u>**

As elaborated in the Motion, Complaint also should be dismissed on the ground that Relator LLC's Complaint has not pleaded facts showing Shady Canyon's alleged willful false statements with the particularity required by Rule 9(b), *See* Motion at 19-24.

**1. Relator LLC's Complaint Fails to Allege Sufficient Facts to Support Shady Canyon's Alleged Ineligibility.**

In the Motion, Shady Canyon points out that due to the undisputed fact that Shady Canyon's PPP loan was approved on April 3, 2020, Shady Canyon by definition submitted its eligibility certification prior to April 3, 2020 – that is, prior to the April 15, 2020 effective date of the rule stating that private clubs, if they restricted membership for reasons other than capacity, would not be eligible for a PPP loan. In other words, if the eligibility rule at issue was not in effect at the time of Shady Canyon's PPP loan application, it would be impossible for Shady Canyon to "lie" about its eligibility under a rule that would not come into being until after the application.

In the Opposition, Relator LLC argues that the submission of Shady Canyon's PPP loan application, prior to the issuance of the very first regulation of the Small Business Administration ("**SBA**") on April 15, 2020 regarding the PPP and incorporating 13 C.F.R. § 120.110, does not matter because 13 C.F.R. § 120.110 was first adopted in 1996. As such, Relator LLC asserts that Shady Canyon was regardless ineligible for an SBA loan; and that first SBA regulation implementing the PPP on April 15, 2020 merely "made clear that this existing prohibition applied to PPP loans." Opp. at 12.

Shady Canyon disagrees that the first SBA regulation implementing the PPP on April 15, 2220 merely clarified that 13 C.F.R. § 120.110 applied to the PPP. It is true that Section 1102 of the Coronavirus Aid, Relief, and Economic Security Act,

Pub. L. No. 116-136, 134 Stat. 281 (2020) ("**CARES Act**") charged the SBA with implementation of the PPP; but the PPP was created as a program independent from other SBA loan programs, with a litany of rules unique to the PPP. Moreover, the text of the CARES Act does not contain any reference to 13 C.F.R. § 120.110 or the list of businesses types enumerated therein. Instead, the very first PPP-related public document referring to 13 C.F.R. § 120.110 was the Interim Final Rule implementing the PPP issued by the SBA effective April 15, 2020.

Relator LLC argues that "[i]n any event, the prohibition was **certainly clear** when [Shady Canyon] sought and received forgiveness for the PPP loan in November 2020." Opp. at 12 (emphasis added). Relator LLC's use of the words "certainly clear," as is inevitably the case when advocates describe a point as "clear," amounts to an implicit admission of a weak argument that one attempts to bolster by claiming a point is "clear" or an outcome "clearly" required. If the prior SBA regulations "clearly" applied to PPP loans, there would not have been a requirement to "make clear" that the prior regulation now applied to a new and unprecedented type of loan, a PPP loan.

**2. Relator LLC Fails to Plead with Particularity Any False Statement Regarding Shady Canyon's Economic Necessity for the PPP Loan.**

As Shady Canyon explained in its Motion, to plead with particularity that Shady Canyon misrepresented its economic necessity for a PPP loan, Relator LLC must allege facts showing that Shady Canyon did not face "uncertainty of current economic conditions" or that the loan requested was not needed to support the ongoing operations of the Club. *See* 15 U.S.C. § 636(a)(36)(G)(i). Relator LLC responds by asserting that the speculative allegations in its Complaint suffice, to the effect that "there is zero indication that the PPP Loan was 'necessary to support the ongoing operations of [Shady Canyon]" and that "on information and belief the Club's wealthy clientele continued to pay their member dues and the . . . Club . . .

maintained profitability during the pandemic." Opp. at 12-13; Compl. ¶¶ 48, 49. These allegations amount to assertions of guesses that admit the lack of sufficient specific facts to establish that Shady Canyon falsely certified the economic necessity of its PPP loan. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'" (quoting *Twombly*, 550 U.S. at 557)); *see also, e.g.*, *Moss v. U.S. Secret Service*, 572 F.3d 962, 970 (9th Cir. 2009) ("The bald allegation of impermissible motive on the Agents' part, standing alone, is conclusory and is therefore not entitled to an assumption of truth.").

**3. Relator LLC Fails to Allege With Specificity That Loan Proceeds Were Not Used for Eligible Expenses.**

Relator LLC's boilerplate allegations about improper use of loan proceeds contain no specifics, are entirely derivative of the argument that Shady Canyon was ineligible for the PPP loan in the first instance, and are circular. Opp. at 8, 9, 13. Relator LLC fails to identify a single specific allegation in the Complaint identifying what expenses were paid, in what amounts, at what time, and why such expenses were not proper uses of funds under the PPP.

**D. <u>Relator LLC Fails to Allege Scienter.</u>**

Relator LLC also has not met its burden to plead scienter. *See Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 192 (2016) (describing the FCA's scienter requirement as "rigorous").

Relator LLC does not allege any facts to show "that [Shady Canyon] knew that its statements were false, or that it was deliberately indifferent to or acted with reckless disregard of the truth of the statements." *United States v. Corinthian Colls.*, 655 F.3d 984, 996 (9th Cir. 2011).

*United States ex rel. Craig v. Hawthorne Machinery Co.*, No.: 20-cv-1625-WQH-AHG, 2024 WL 4294878 (S.D. Cal. Sept. 25, 2024), on which Relator LLC relies, is distinguishable. In *Hawthorne*, defendants allegedly "submitted payroll

materials in support of its PPP application that were materially altered and/or misrepresented to support its representation that it and two disclosed affiliates . . . had fewer than 500 employees" and provided corroborating documents that showed defendants "systematic undercounting and misrepresentation" of employees to support their argument. 2024 WL 4294878, at *9-10. Thus, scienter was properly pleaded because relator included **specific details** regarding the misstated information and defendants' knowledge of the truth at the time of the application. Here, by contrast, Relator LLC has not alleged anything from an intent to deceive could be inferred. This case is more akin to *United States ex rel. Durkin v. County of San Diego*, 300 F. Supp. 3d 1107, 1129 (S.D. Cal. 2018), where the court held that scienter was inadequately pleaded because plaintiff's bare-bones allegations that defendant "'knew that the[] certifications, representations, promises and assurances were false and did not intend to comply with federal law and regulations,'" were "vague and conclusory." *Id.*; *see* Compl. ¶ 61 ("Defendants knowingly made or used, or caused to be made or used, false or fraudulent records or statements material to false or fraudulent claims for payment by the Government.").

In addition, as in *Durkin*, Relator LLC's allegations that individual defendants Mr. Sunshine and Mr. Christy were "businesspeople who are responsible for the legal and effective operation of" Shady Canyon and "Defendants . . . knew the rules and regulations when they certified and lied about their eligibility" amount only to assertions of conclusions. *See, e.g.*, Compl. ¶ 7; Opp. at 14; *Cty. of San Diego*, 300 F. Supp. 3d at 1030 ("Plaintiff's argument, however, fails to address how Defendant deliberately ignored or recklessly disregarded the truth or falsity of the statements; rather, Plaintiff focuses on Defendant's deliberate ignorance or reckless disregard for the requirements to obtain funding."). Nowhere in the Complaint does Relator LLC allege facts to show that Mr. Sunshine or Mr. Christy knowingly provided false information on Shady Canyon's PPP loan application, or otherwise acted in any

manner related to the PPP application. Speculative and conclusory allegations such as those of Relator LLC do not suffice to plead scienter. *See Adomitis ex rel. United States v. San Bernardino Mountains Cmty. Hosp. Dist.*, 816 F. App'x 64, 66-67 (9th Cir. 2020) (scienter allegation that senior officials "must have known" of fraud was "too vague and conclusory"); *United States ex. rel. Modglin v. DJO Global Inc.*, 114 F.Supp.3d 993, 1024 (C.D. Cal. 2015) ("None of the facts relators plead, however, support their conclusory allegation that defendants knowingly submitted false claims."); *United States ex rel. Jones v. Sutter Health*, 2021 WL 3665939, at *8 (N.D. Cal. Aug. 18, 2021) (allegations that defendant "knowingly billed" and "knowingly and improperly avoid[ed] its obligations . . . does not adequately allege defendants' knowledge").

Relator LLC argues that, as to the individual defendants, "at a minimum," the standard for recklessness under the FCA is met. Opp. at 15 (asserting that because "Defendants signed the Understanding Certification" and because Mr. Sunshine and Mr. Christy were CEO and CFO, they "had reasonable grounds to believe material facts existed that were misstated or omitted . . . ."). However, to plead recklessness under the FCA, Relator LLC must allege facts demonstrating that Messrs. Sunshine and Christy were "conscious of a substantial and unjustifiable risk that their claims [were] false, but submit[ted] the claims anyway." *United States. ex rel. Schutte v. SuperValu Inc.*, 598 U.S. 739, 751 (2023); *see also Cty. of San Diego*, 300 F. Supp. 3d at 1130 (relator "failed to sufficiently allege that Defendant made a false statement with deliberate ignorance or reckless disregard" because relator "fails to address how Defendant deliberately ignored or recklessly disregarded the truth or falsity of the statements . . . ."); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

The Complaint does not even allege that Mr. Sunshine or Mr. Christy individually *in fact* knew about the PPP applications, let alone that one or both

signed the PPP applications on behalf of Shady Canyon or even when that occurred. In sum. Realtor LLC has failed to plead scienter.[2]

**E. <u>Relator LLC Fails to Allege Claims Against Mr. Sunshine and Mr. Christy.</u>**

Relator LLC treats the titles of Mr. Sunshine and Mr. Christy, without more, as sufficient to establish their alleged participation in willful fraud. Indeed, the Complaint's speculation is blatant to the effect of, well you were there or you held the title of XYZ, therefore, you must have done it. *See* Opp. at 11-12 ("both Sunshine and Christy **would have been** the officials tasked with and responsible for whether and how to file PPP loan and forgiveness applications").

Needless to say, merely pleading the title or position of an individual in a corporation, without pleading actual acts of wrongdoing, does not suffice to state a claim, especially for willful fraud, against the individual defendants. *See United States v. Kiewit Pac. Co.*, 41 F. Supp. 3d 796, 810 (2014) ("[T]hreadbare allegations" including that defendant was a "assistant district manager" and "project sponsor" were insufficient to allege personal involvement.); *United States ex rel. Relator LLC v. iLink Emp'rs Co.*, No. 5:22-cv-01004-RGK-DTB, 2024 WL 3892980, at *4 (C.D. Cal. July 11, 2024) (allegations that individual defendant "deceptively completed" PPP loan applications based solely on fact that individual defendant was owner and CEO were "insufficient to support Relator's otherwise conclusory allegations"); *United States ex rel. Relator LLC v. iLink Emp'rs Co.*, No. 5:22-cv-01004-RGK-DTB, 2024 WL 4197344, at *4 ("Relator cannot attribute any

---

[2] *United States v. 1850 Bryant Land LLC*, No. 21-cv-05742-RS, 2023 WL 4297585, at *5 (N.D. Cal. June 30, 2023)—cited by Relator LLC—only demonstrates the deficiency of Relator LLC's pleading. In that case, the defendant allegedly discussed a backroom deal, which allegation, considered with other alleged consistent facts, was found sufficient to plead scienter. No such alleged facts are present here.

false statements to Ayala. Thus, Relator once more fails to adequately allege falsity as to any defendant.”).

Relator LLC also has not demonstrated that it is entitled to lump Mr. Sunshine and Mr. Christy into its allegations against Shady Canyon. The Complaint alleges, for example, that “*Defendants* signed the loan applications,” that “*Defendants* obtained large PPP loans from the government,” that “*Defendants* made the Economic Necessity Certification,” that “*Defendants* intentionally made several key statements which were false and intended to deceive” and that the United States suffered damages because of the “*Defendants’* acts.” Compl. ¶¶ 17, 46, 49, 50, 62. This is insufficient. “Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to **differentiate their allegations** when suing more than one defendant and **inform each defendant separately** of the allegations surrounding his alleged participation in the fraud.” *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir.2007) (emphasis added).

Relator LLC’s argument that the Complaint “is **clear** that . . . both Sunshine and Christy **would have been**” responsible for the PPP loan process itself admits speculation. Instead of alleging *which specific individual* signed the PPP loan applications and certifications at issue, or when, the Complaint alleges that the “Defendants” did it. *See Corinthian Colls.*, 655 F.3d at 998 (“The Complaint asserts generally that ‘Corinthian and its co-defendants are liable to the United States under the FCA because of the company’s use of false statements to obtain HEA, Title IV loan funds.’ The only supporting factual allegation involving the Individual Defendants is that they ‘monitored and approved of the illegal recruiter compensation practices as a means to obtain targeted enrollment levels for the respective Corinthian campuses.’ The Complaint provides no additional detail as to the nature of the Individual Defendants’ involvement in the fraudulent acts, but simply attributes wholesale all of the allegations against Corinthian to the Individual Defendants. Rule 9(b) undoubtedly requires more.”).

In sum, Relator LLC has not stated a claim against Mr. Sunshine or Mr. Christy and the Complaint against them should be dismissed with prejudice.

## III. CONCLUSION

For the foregoing reasons, Shady Canyon requests that the Court grant its Motion to Dismiss with prejudice and without leave to amend.

DATED: June 16, 2025 GREENBERG GROSS LLP

By: Evan C Borges

Wayne R. Gross
Evan C. Borges
Roy Fan
Attorneys for Defendant The Shady Canyon Golf Club, Inc.

**L.R. 11-6.2. Certificate of Compliance**

The undersigned, counsel of record for the moving party certifies that this brief contains 5,944 words, which complies with the word limit of L.R. 11-6.1.

DATED: June 16, 2025 GREENBERG GROSS LLP

By: /s/ Evan C Borges

Wayne R. Gross
Evan C. Borges
Roy Fan
Attorneys for Defendant The Shady Canyon Golf Club, Inc.

# PROOF OF SERVICE

**United States of America ex rel. Relator LLC v. Steven Sunshine, et al.**
**Case No. 8:23-cv-00134-JVS-ADSx**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 650 Town Center Drive, Suite 1700, Costa Mesa, CA 92626.

On June 16, 2025, I served true copies of the following document(s) described as **DEFENDANT THE SHADY CANYON GOLF CLUB, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 16, 2025, at Costa Mesa, California.

Cheryl Winsten

**SERVICE LIST**
**United States of America *ex rel.* Relator LLC v. Steven Sunshine, et al.**
**Case No. 8:23-cv-00134-JVS-ADSx**

Aaron Kollitz
Assistant United States Attorney
Office of US Attorney
300 North Los Angeles St., Suite 7516
Los Angeles, CA 90012
Tel: 213-894-2083
Fax: 213-894-7819
Email: aaron.kollitz@usdoj.gov

Attorneys for Plaintiff USA

Julian Brew
Kristen L. Nelson
HECHT PARTNERS LLP
2121 Avenue Of The Stars, Suite 800
Century City, CA 90067
Tel: 310-804-8065
Email: jbrew@hechtpartners.com
knelson@hechtpartners.com

Attorneys for Plaintiff-Relator
RELATOR LLC