WAYNE R. GROSS, State Bar No. 138828
*WGross@GGTrialLaw.com*
EVAN C. BORGES, State Bar No. 128706
*EBorges@GGTrialLaw.com*
GREENBERG GROSS LLP
650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

Attorneys for Defendant The Shady Canyon Golf Club, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

*ex rel.* RELATOR LLC, a California limited liability company,

Relator,

v.

STEVEN SUNSHINE, an individual; JON CHRISTY, an individual; and THE SHADY CANYON GOLF CLUB, INC., a California non-profit corporation; and DOES 1-10, inclusive,

Defendants.

Case No. 8:23-cv-00134-JVS-ADSx

**REPLY BRIEF OF DEFENDANT THE SHADY CANYON GOLF CLUB, INC. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Date: October 27, 2025
Time: 1:30 p.m.
Place: Ronald Reagan Federal Building and U.S. Courthouse
411 West Fourth Street
Courtroom 10C
Santa Ana, CA 92701
Judge: Hon. James V. Selna

Action Filed: January 23, 2023
Trial Date: Not Set

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION .......... 5

II. THE OPPOSITION DOES NOT DISPUTE THAT THE FAC DOES NOT ALLEGE NEW MATERIAL FACTS. .......... 7

III. THE ALLEGATIONS IN THE FAC OF "FALSE CERTIFICATIONS" BY SHADY CANYON DO NOT STATE A CLAIM BASED UPON THE PUBLIC DISCLOSURE BAR OF THE FCA, RULE 9(b), AND THE SUPREME COURT'S DECISIONS IN *TWOLMBY* AND *IQBAL*. .......... 7

- A. The Alleged False Eligibility Certification. .......... 7
- B. The Alleged False Economic Necessity Certification. .......... 10
- C. The Alleged False Use of Proceeds Certification in the Initial Loan Application and the Loan Forgiveness Application.. .......... 15

IV. THE OPPOSITION'S ONLY REBUTTAL TO APPLICABILITY OF THE FCA'S PUBLIC DISCLOSURE BAR IS BASED UPON AN INACCURATE DESCRIPTION OF NINTH CIRCUIT LAW. .......... 16

- A. The Court's Analysis of the Public Disclosure Bar in the Order. .......... 16
- B. The Opposition's Rebuttal is Based Upon a Mischaracterization of Ninth Circuit Law. .......... 17
- C. Relator LLC Has Not Met its Burden to Establish that it is an "Original Source." .......... 19
- D. Dismissal of the FAC is Also Supported by the District Court Decision in *U.S. ex rel. Relator LLC v. Kellog*. .......... 21

V. THE TWO ADDITIONAL CAUSES OF ACTION IN THE FAC SHOULD BE DISMISSED WITH PREJUDICE. .......... 22

VI. CONCLUSION .......... 22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 7, 12, 15, 20

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 7, 15

*United States ex rel. Relator LLC v. Baxter*,
No. 23-cv-00336-WHO, 2025 WL 1343076 (N.D. Cal. May 8, 2025) .......... 13, 14

*U.S. ex rel. Relator LLC v. Erskine*,
2025 U.S. Dist. LEXIS 46469 (S.D. Cal. Feb. 25, 2025) .......... 20, 21

*United States ex rel. Relator LLC v. Kellog*,
2025 WL 897439 (S.D. Cal. Mar. 24, 2025) .......... 21

*Silbersher v. Valeant Pharm. Int'l, Inc.*,
89 F. 4th 1154 (9th Cir. 2024) .......... 6, 18

*United States ex rel. Solis v. Millennium Pharms., Inc.*,
445 F. Supp. 3d 786 (E.D. Cal. 2020), *aff'd sub nom. Solis v. Millennium Pharms., Inc.*, 852 F. App'x 298 (9th Cir. 2021) .......... 19

*United States v. Allergan, Inc.*,
46 F. 4th 991 (9the Cir. 2022) .......... 18

*United States v. Cath. Healthcare W.*,
445 F. 3d 1147 (9th Cir. 2006) .......... 18

**Statutes**

15 U.S.C. § 636 .......... 10

31 U.S.C. § 3730 .......... 19

False Claims Act ("FCA") 31 U.S.C. §§ 3729 – 3733 .......... *passim*

**Other Authorities**

13 C.F.R. § 120.110 .......... 8

Business Loan Program Temporary Changes; Paycheck Protection Program, 85 Fed. Reg. 20,811, 20, 812 (Apr. 15, 2020) (to be codified at 13 C.F.R. pt. 120) .......... 8

Business Loan Program Temporary Changes; Paycheck Protection Program as Amended by Economic Aid Act, 86 Fed. Reg. 3692, 3706 (Jan. 14, 2021) (to be codified at 13 C.F.R. pts. 113, 120, 121) .......... 11

Coronavirus Aid, Relief, and Economic Security Act Division A, Title I (“Cares Act”) Public Law 116-136 .......... 10

Fed. Rule Civ. Proc. 9(b) .......... *passim*

Defendant The Shady Canyon Golf Club, Inc. ("**Shady Canyon**") submits this Reply Brief in support of its Motion to Dismiss the First Amended Complaint ("**FAC**") filed by Relator LLC ("**Motion**") [Dkt. No. 53-1] and in response to the Opposition filed by Relator LLC [Dkt. No. 54] (the "**Opposition**").

## I. <u>INTRODUCTION</u>

The Opposition does not dispute the observation in the Motion that the FAC does not contain materially different allegations of fact as compared to the original Complaint (the "**Complaint**"), which this Court by Order entered June 30, 2025 [Dkt. No. 43] (the "**Order**") dismissed with leave to amend, based upon application of the public disclosure bar of the False Claims Act (the "**FCA**").

Nor does the Opposition respond – in most instances, at all, and in other instances, only by inaccurately describing applicable law – to dispositive points and legal authority cited in the Motion, including the following:

(1) Based upon application of the public disclosure bar, which is reinforced by additional public disclosures in mainstream news media over 20 years that are the subject of Shady's Canyon's unopposed request for judicial notice filed concurrently with the Motion, the FAC must be dismissed.

(2) Relator LLC does not meet its burden to establish that it is an "original source" under the FCA. The Opposition: (i) ignores the fact that Relator LLC (formed in 2022) did not exist at the time of the public disclosures at issue between 2003 and 2021, and therefore, the allegation in paragraph 75 of the FAC that "[a]ll facts alleged herein were discovered in the first instance by the Relator" is demonstrably inaccurate; and (ii) nowhere identifies **any *<u>actual</u>* information** discovered by Relator LLC that would constitute "knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions[.]"

(3) Based upon the PPP program rules in effect at the time of Shady Canyon's PPP loan application in late March/early April 2020, as well as other rules promulgated by the Small Business Administration ("SBA") applicable to PPP

loans, the FAC does not state a claim.

(4) Based upon holdings of other district courts dismissing with prejudice other actions brought by Relator LLC involving highly similar conclusory allegations of false certifications in connection with PPP loans, the FAC should be dismissed.

The Opposition's only substantive response to the Motion is to mischaracterize Ninth Circuit law on the test for application of the public disclosure bar, including specifically as set forth in the amended opinion of the Ninth Circuit in the one case upon which Relator LLC relies, *Silbersher v. Valeant Pharm. Int'l, Inc.*, 89 F. 4th 1154 (9th Cir. 2024). Thus, the case upon which Relator LLC relies in its Opposition actually follows the test for applicability of the public disclosure bar as described in the Court's Order and the Motion.

Finally, regarding the "new" second FCA cause of action in the FAC, the Opposition admits that this cause of action rises or falls along with the first FCA cause of action alleged in the original Complaint and repeated in the FAC. Thus, based upon the Court's Order, the Motion, and this Reply, the second FCA cause of action should be dismissed for the same reasons the first FCA cause of action should be dismissed. In addition, regarding the FAC's new cause of action for unjust enrichment, the Motion quotes a FCA treatise for the proposition that "'[t]hese alternative common law causes of action are **not** available to *qui tam* relators, who are empowered to sue on behalf of the government **through the FCA only**.' (citing cases) (emphasis added)." Motion at 29. The Opposition does not rebut or provide any authority contrary to the treatise's statement of the law. Instead, the Opposition complains that the Motion does cite specific case law, which is cited in the treatise. To resolve this concern, Shady Canyon attaches as **Exhibit 1** to this Reply the relevant pages of the treatise, which include citations to district court opinions in New York, Florida, the District of Columbia, Pennsylvania, Massachusetts, Illinois and Maryland that unanimously support the quoted statement in the treatise.

In sum, the FAC should and must be dismissed. Relator LLC has been given an opportunity to amend and has not mentioned any factual allegations that could be included in a further amended complaint to make a difference. Shady Canyon thus requests that the Court dismiss the FAC without leave to amend.

## II. THE OPPOSITION DOES NOT DISPUTE THAT THE FAC DOES NOT ALLEGE NEW MATERIAL FACTS.

In the Motion, Shady Canyon discusses at length the allegations of the Complaint and the FAC, noting that the FAC does not allege additional material facts as compared to the Complaint. *See* Motion at 7-16. The Opposition does not dispute that the FAC does not contain new material allegations of fact. Rather, as discussed below, the Opposition challenges the legal significance of the alleged facts.

## III. THE ALLEGATIONS IN THE FAC OF "FALSE CERTIFICATIONS" BY SHADY CANYON DO NOT STATE A CLAIM BASED UPON THE PUBLIC DISCLOSURE BAR OF THE FCA, RULE 9(b), AND THE SUPREME COURT'S DECISIONS IN *TWOLMBY* AND *IQBAL*.

A review of the FAC's allegations of "false certifications" by Shady Canyon shows that the FAC should be dismissed based upon the public disclosure bar of the FCA, Federal Rule 9(b), and the Supreme Court's pleading requirements in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### A. The Alleged False Eligibility Certification.

Like the Complaint, the FAC pleads as its core contention of fraud and false certification that: (1) Shady Canyon, in its application for a PPP loan in late March/early April 2020, certified it was eligible for a PPP loan under then-applicable rules; and (2) Shady Canyon, in fact, was ineligible for a PPP loan because it was a private club that restricted membership for reasons other than capacity. Motion at 14 (citing FAC, ¶¶ 3, 6, 7, 40, 54-57). The full Eligibility Certification provided as follows:

> The Applicant is eligible to receive a loan [1] **under the rules in effect** at the time this application is submitted [2] **that have been issued by the Small Business Administration (SBA) *implementing the Paycheck Protection Program*** under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (Cares Act) (the Paycheck Protection Program Rule).

FAC, Ex. 1 at p. 3 of 5 (emphasis added).

The FAC's core allegation that Shady Canyon made a false eligibility certification for a PPP loan does not state a claim for two reasons.

***First***, it is undisputed that Shady Canyon's PPP loan application was approved on **April 3, 2020**. FAC, ¶ 19. Although issued with immediate effect, the relevant SBA regulation applicable to PPP loans, which identified as ineligible for PPP loans the list of business types set forth in 13 C.F.R. § 120.110, was not issued until **April 15, 2020**.[1] Thus, it was not until April 15, 2020 (that is, ***after*** Shady Canyon submitted its PPP loan application and ***after*** its PPP loan was approved on April 3, 2020), that the first interim rule issued by the SBA "implementing the PPP program" – which excluded from eligibility certain private clubs – became effective.

Based on the foregoing, Shady Canyon's eligibility certification was truthful based on the rules in effect at the time it was made. ***The Opposition nowhere addresses this argument***. Nor does the FAC explain how a loan application approved on April 3, 2020, can be fraudulent based on a regulation not in effect until April 15, 2020. The FAC therefore fails to state a claim regarding a false eligibility certification. As a further result, the FAC's allegation of a purported false "use of proceeds" certification by Shady Canyon in its application for loan forgiveness – which Relator LLC admits in the Opposition is *wholly dependent upon*

[1] *See* Business Loan Program Temporary Changes; Paycheck Protection Program, 85 Fed. Reg. 20,811, 20, 812 (Apr. 15, 2020) (to be codified at 13 C.F.R. pt. 120).

*and derivative of the alleged false eligibility certification*, also fails to state a claim.

***Second***, as this Court found in its Order, prior to Relator LLC filing its Complaint and FAC, "public disclosures" (as defined in the FCA) had been made in official government websites and news media of the following elements of the "fraud" alleged in the Complaint: (1) Shady Canyon certified its eligibility for and obtained a PPP loan of $1.689 million, notwithstanding the fact that (2) Shady Canyon was a private club that restricted membership for reasons other than capacity. *See* Order at 5-9. Regarding the latter public disclosure, the Court granted Shady Canyon's request for judicial notice of a 2021 press article from the Irvine Standard news (i.e., prior to Relator LLC coming into existence in 2022), which publicly disclosed that:

> **A major local draw is the Shady Canyon Golf Club [with a] 300-acre course,** designed by the celebrated architect Tom Fazio . . . . **The private club**, which includes a 43,000-square-foot clubhouse, tennis courts and a 6,700-foot wellness center, **is by invitation only, and you have to be sponsored. Initiation fees reportedly run more than $100,000, on top of the monthly fees**.

*See* Request for Judicial Notice [Dkt. No. 37-02] and Ex. E to Declaration of Evan C. Borges in Support of Motion to Dismiss [Dkt. No. 37-08] (emphasis added).[2]

Based upon (i) the allegations of the Complaint, (ii) public disclosure on an official government website of details of the PPP loan to Shady Canyon (including

---

[2] Multiple additional public disclosures over a period of 20 years prior to the filing of this action, including from mainstream news media such as the Los Angeles Times and Orange County Register – which describe Shady Canyon as an exclusive, private club with highly-expensive membership fees and other requirements that restrict membership for reasons other than capacity – are the subject of Shady Canyon's *unopposed* Request for Judicial Notice filed concurrently with the Motion. A summary of key quotations from these additional public disclosures is attached as Exhibit 1 to the Motion and, for convenience, attached as **Exhibit 2** to this Reply.

identity of applicant, number of employees, date of approval, amount of loan, and date of forgiveness of loan), and (iii) the above-referenced public disclosure of the fact that Shady Canyon was a private club that restricted membership for reasons other than capacity, the Court in its Order ruled that under the FCA's public disclosure bar – **substantially the same allegations or transactions alleged in the action or claim were publicly disclosed** [before the filing of the Complaint]. *See* Order at 9. Thus, the Court followed the statutory mandate that the action "shall" be dismissed unless Relator LLC were to establish that it was an "original source," which Relator LLC did not do. As discussed below, nothing in the FAC or the Opposition changes the propriety of the same conclusion as to the FAC, which also must be dismissed under the public disclosure bar.

**B. <u>The Alleged False Economic Necessity Certification.</u>**

The FAC, similar to the Complaint and without adding any additional material facts, alleges that Shady Canyon made a false "economic necessity" certification in applying for a PPP loan in late March/early April 2020.

On <u>March 27, 2020</u>, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act (the "**CARES Act**"), which required that PPP loan applicants "make a good faith certification . . . that the uncertainty of current economic conditions makes necessary the loan request to support the ongoing operations of the eligible recipient." 15 U.S.C. § 636(a)(36)(G)(i).

Shady Canyon's PPP loan application was approved on <u>April 3, 2020</u>. Complaint, ¶22; FAC, ¶ 19. Thus, it is uncontroverted that Shady Canyon applied for a PPP loan shortly after the <u>mid-March 2020</u> governmental shutdown directives, stay-at-home orders, and related public health authority declarations of a global pandemic and public health emergency due to COVID-19, which was unprecedented in recent history.

As noted in the Motion, in May 2020, the SBA, which was charged with implementing PPP loans, issued further guidance on the required economic

necessity certification by creating "a **safe harbor** providing that any PPP borrower, together with its affiliates, that received PPP loans with an original principal amount of **less than $2 million** will be **deemed** to have made the required certification concerning the necessity of the loan request in **good faith**." Business Loan Program Temporary Changes; Paycheck Protection Program as Amended by Economic Aid Act, 86 Fed. Reg. 3692, 3706 (Jan. 14, 2021) (to be codified at 13 C.F.R. pts. 113, 120, 121) (emphasis added). Accordingly, Shady Canyon, due to its PPP loan amount of $1.689 million, fell within the safe harbor announced by the SBA. The Opposition does not address or rebut this point.

Notwithstanding – (1) the circumstances at the time Shady Canyon submitted its PPP loan application in late March/early April 2020 (i.e., less than two weeks after governmental mandates of shutdowns, stay-at-home orders, and declarations by public health authorities of a global pandemic and public health emergency due to COVID-19), and (2) the fact that Shady Canyon's PPP loan fell squarely within the SBA's safe harbor announced in May 2020 – the Complaint alleged that Shady Canyon's economic necessity certification was knowingly false and fraudulent when it was made because:

> They did not need the money. ***On information and belief***, membership dues were not diminished as a result of COVID-19. ***On information and belief***, Defendants have access to ready funds because membership dues were fully paid with minimal or no delinquencies at the time Defendants applied for and received the Loan and when they applied for and received forgiveness of the Loan.[3] Therefore, when Defendants made the Economic Necessity

[3] Contrary to the implication of the Complaint, under the PPP program, the only certification of economic necessity that a PPP loan applicant or borrower was required to provide was with the initial PPP loan application.

Certification[,] the certification was false.

Complaint, ¶ 9 (emphasis added). Later, the Complaint repeated the above allegations, and added: "There is every indication that Defendants' business continued to thrive and have positive revenue. . . There is no evidence of any business loss. Business was good." Complaint, ¶ 49.

The above-quoted allegations – which are restated with no substantive difference in the FAC – amount to conclusory, inherently vague speculation about Shady Canyon's financial condition at the time it applied for a PPP loan; they allow at best for an inference of "the mere possibility of misconduct," which is **not** sufficient under *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); and they do not meet the specificity requirements of Rule 9(b).

As a substitute for actual factual allegations about the specific financial condition of Shady Canyon at the time of its PPP loan application, Relator LLC repeatedly – in the Complaint and the FAC – uses conclusory, vague, subjective, and speculative labels to describe the financial condition of **all** members of Shady Canyon as uniformly "the financial elite," "wealthy people," and "the ultra-rich."[4]

From a starting point of conclusory, speculative, and vague allegations in the form of labels about ***all*** members of Shady Canyon across the board, Relator LLC takes ***another*** leap of speculation, with no supporting factual allegations, to conclude that: as of late March/early April 2020, when Shady Canyon applied for

[4] *See* Complaint, ¶¶ 2, 5, 8 (describing defendants as or comparable to - "***the ultra rich,***" "***wealthy people***," the "***financial elite***,"and the "***sophisticated, elite members*** of [Shady Canyon]"). *See also* Opposition [Dkt. No. 38] at 7:24-25 ("The Country Club's **members come from the *sophisticated and elite of Irvine* and the surrounding area** [.]") and at 12-13 ("Indeed, **on information and belief, the Club's *wealthy clientele* continued to pay their member dues and the Country Club** (as other similar country clubs ) **maintained profitability during the pandemic**.") (emphasis added). *See also* FAC, ¶¶ 4, 5, 56 (Shady Canyon members "***affluent***," "***wealthy membership*** . . . with more time to enjoy . . . their private country club," and "***wealthy members***").

its PPP loan, the financial condition of Shady Canyon itself (which had approximately 160 employees at the time) was (1) already profitable based upon past income and expenses, with more than adequate liquidity to pay all foreseeable business expenses including all payroll, and (2) going forward, irrespective of the future course of the pandemic, its impact on the global, national, and local economies, or its impact on Shady Canyon, its employees, its members or their families, the future financial condition of Shady Canyon could be forecast with sufficient certainty so as to render its "good faith" economic necessity certification in late March/early April 2020 knowingly false and fraudulent.

In the FAC, Relator LLC merely rewords its conclusory allegations in the Complaint about Shady Canyon's alleged false economic necessity certification. FAC, ¶¶ 2, 4, 41, 59, 68. The FAC does not plead any specific facts about Shady Canyon's actual financial condition at the time it made its economic necessity certification for its initial PPP loan application in late March/early April 2020. Instead, the FAC uses conclusory terms such as that Shady Canyon's revenue was somehow "guaranteed," allegedly due to the club's equally undefined "affluent" members. *Id.*, ¶¶ 2, 4.

It defies credulity that Relator LLC, in the context of – (1) the relevant time period being the time of Shady Canyon's PPP loan application in late March/early April 2020, (2) the extraordinary and unprecedented circumstances faced by Shady Canyon and virtually any other business or person in late March 2020, (3) a PPP rule requiring a "good faith" certification of economic necessity, and (4) the fact that Shady Canyon, due to the less than $2 million amount of its PPP loan, fell squarely within an SBA safe harbor announced in May 2020 such that it was **deemed** to have provided its certification in good faith – persists in the FAC to make the conclusory allegation that Shady Canyon's certification was false and fraudulent, without a single material fact alleged about Shady Canyon's financial condition at the time.

Based upon Rule 9(b), in *United States ex rel. Relator LLC v. Baxter*, No. 23-

cv-00336-WHO, 2025 WL 1343076 (N.D. Cal. May 8, 2025), the district court dismissed with prejudice another FCA action brought by Relator LLC against a PPP loan borrower. In *Baxter*, as here, Relator LLC contended that that defendants had made a false economic necessity certification, alleging: "[w]hen they applied, Defendants knew the loan was not necessary, including to support their ongoing operation of the clubs and amenities available to them, whose **members who directly benefited from them were certainly able to support them if needed**." *Id.*, 2025 WL 1343076 at *9 (emphasis added).

The Court in *Baxter* rejected Relator LLC's conclusory allegations – virtually identical to Relator LLC's allegations in this case of a false economic necessity certification by Shady Canyon – and observed that "Relator does not precede or follow [its] conclusory allegations with any ***particular*** facts that are sufficient to the meet the requirements pursuant to Rule 9(b)." *Id.* at *10 (emphasis in original).[5] This Court should reach the same conclusion and dismiss the FAC with prejudice.

Finally, to the extent Relator LLC's inherently vague, subjective, speculative and uniform labels for Shady Canyon's members as "wealthy" or "affluent" allow for an *additional* speculative inference about the financial condition of Shady Canyon itself at the time of its PPP loan application in late March/early April 2020, then the other news media of which Shady Canyon requests the Court take judicial notice, gives public disclosure of generalized use of such labels of "wealth" for more than 20 years. *See* n. 4, *supra*, and Exhibit 2. Thus, the Government has been on notice for a long time of whether Shady Canyon, an ostensibly "exclusive" private club for the "wealthy," should be investigated regarding its good faith certification of economic necessity for its PPP loan.

[5] The Motion cites and discusses the facts and holding of *Baxter* (Motion at 16); yet, the Opposition does not rebut or mention *Baxter* at all.

### C. **The Alleged False Use of Proceeds Certification in the Initial Loan Application and the Loan Forgiveness Application..**

The FAC also alleges that Shady Canyon falsely certified in its PPP loan application that the loan proceeds will be used for enumerated and required business purposes. FAC, ¶¶ 42-43, 60-61. All the FAC alleges, however – with zero supporting factual assertions to explain what occurred and/or what the loan proceeds were used for – is the bald conclusion that Shady Canyon did ***not*** use its PPP loan proceeds for the required, enumerated business purposes. *Id*., ¶¶ 43, 61. Relator LLC provides no factual allegations on any alleged uses of loan proceeds for any purpose not permitted by the PPP loan program. As noted by the Motion, Relator LLC's conclusory allegations without pleading *any* factual basis are insufficient under *Twombly*, *Iqbal*, and the particularity requirements of Rule 9(b).

Similarly, the FAC alleges a "false" use of proceeds certification by Shady Canyon in its PPP loan forgiveness application. All the FAC does, however, is describe what must be certified in a loan forgiveness application under the PPP regarding uses of the loan proceeds. FAC, ¶¶ 34-36, 46-47. After providing a list of the PPP loan forgiveness requirements, the FAC asserts another bald conclusion, not supported by a single fact, that Shady Canyon did ***not*** use its PPP loan proceeds for the purposes described in its loan forgiveness application and certification. *Id*., ¶ 48. These conclusory assertions, supported by no facts, are insufficient under *Twombly*, *Iqbal*, and the particularity requirements of Rule 9(b).

In addition, the Opposition admits that the FAC's allegation of a false use of proceeds certification by Shady Canyon in its loan forgiveness application is wholly dependent upon the allegation of a false eligibility certification. The Opposition states: "[the loan forgiveness] application was fraudulent because **Shady Canyon was never eligible** to receive the PPP First Draw Loan **in the first place**." Opposition at 4 (page 9 of 25), lines 22-23 (citing FAC). This circular argument demonstrates that in addition to the reasons discussed above, the failure of the FAC

to state a claim based upon a false eligibility certification also defeats the FAC's allegation of a false use of proceeds certification in Shady Canyon's loan forgiveness application.

## IV. THE OPPOSITION'S ONLY REBUTTAL TO APPLICABILITY OF THE FCA'S PUBLIC DISCLOSURE BAR IS BASED UPON AN INACCURATE DESCRIPTION OF NINTH CIRCUIT LAW.

### A. The Court's Analysis of the Public Disclosure Bar in the Order.

To address the Opposition, this Court's analysis of the public disclosure bar bears repetition. In the Order, the Court noted that:

> "**The public disclosure bar only precludes claims where the allegations satisfying the elements of fraud are 'substantially the same' as what was disclosed through the statutory channels**. *See United States ex rel. Mateski v. Raytheon Co.*, 816 F. 3d 565, 571 (9th Cir. 2016)). The commonly used *Springfield* test provides a simple formula to determine whether this criteria is satisfied:
>
> [I]f X + Y = Z, Z represents the allegation of fraud and X and Y represent its essential elements. **In order to disclose the fraudulent transaction publicly, the combination of X and Y must be revealed, from which readers or listeners may infer Z**, i.e., the conclusion that fraud has been committed.
>
> *Id.* (quoting *United States ex rel. Springfield Terminal Ry. Co. v. Quinn*, 14 F. 3d 645, 653-54 (D.C. Cir. 1994)). **The "X" and the "Y" need not come from the same source.**[6] [citations omitted]."

Order at 8 (emphasis added).

Applying the above formula, the Court in its Order observed that "PandemicOversight.gov provides only the "X": that Shady Canyon received PPP loans in the amount of $1,689,200." *Id*. The Court continued: "Neither PandemicOversight.gov nor Propublica are able to provide the "Y" (that Shady Canyon was ineligible as a private club that restricted membership for reasons other

[6] This particular statement of the law, as discussed below, is the source of the Opposition's inaccurate rebuttal that the X and the Y must come from a single source.

than capacity)." *Id.*

After referring to "the critical element that Shady Canyon is, itself, a private club," the Court concluded its public disclosure ruling as follows:

> **Thus, for Relator's claim to be barred, there must be another source of statutorily approved public information to show that Shady Canyon is a private club.**
>
> **The Irvine Standard article fills this gap. In this article, Shady Canyon is described as a "private club," that accepts members "by invitation only."** Taken together with ProPublica and PandemicOversight.gov, **it was a matter of public knowledge that Shady Canyon received PPP loans despite being ineligible as a private club that restricts members based on facts other than capacity. The Complaint alleges precisely these allegations**. Thus, by Relator's allegations, the prohibited conduct was publicly available prior to the filing of the Complaint.

Order at 9 [internal citations omitted] (emphasis added).

The FAC changes nothing about the Court's above analysis.

### B. <u>The Opposition's Rebuttal is Based Upon a Mischaracterization of Ninth Circuit Law.</u>

The Opposition summarizes its rebuttal to application of the public disclosure bar by stating: "[t]here was *no single public disclosure* of the fact that Shady Canyon **was ineligible to receive a PPP loan because it was a private club** that restricts its membership for reasons other than capacity yet certified that it was eligible on its PPP loan application." Opposition at 9 (bold emphasis in original; italicized emphasis added). The Opposition later asserts several times that the X and the Y of the disclosed transactions must be disclosed in a **single source**. *See* Opposition at 9:12-13 ("**no one source** discloses 'substantially the same allegations or transactions as alleged in the FAC.'") (emphasis added); 9:25-27 ("With respect

to a 'transaction', no single identified source has **both** the 'X' **and** the 'Y' information necessary to infer that Defendants committed fraud without additional information from other sources.") (emphasis in original).

To support its interpretation of the public disclosure bar as requiring that under the "transaction" test, both the X and the Y must be disclosed in a single source, the Opposition cites *Silbersher v. Valeant Pharm. Int'l, Inc.*, 89 F. 4th 1154, 1167-68 (9th Cir. 2024). Opposition at 10. Specifically, the Opposition describes *Silbersher* as standing for the proposition that if "none [i.e., not a single one] of [the public disclosures] revealed the 'combination' of allegations necessary for an interference of an FCA violation[,]" then the public disclosure bar does not apply. Opposition at 10:8-10.

Relator LLC, however, ignores the fact that after a petition for rehearing, the Ninth Circuit amended its opinion to provide – consistent with long-standing Ninth Circuit authority – that so long as different public disclosures, once pieced together, present the full picture of the fraud (meaning the X and the Y), then the public disclosure bar applies. *Sibersher, supra*, at 1168. Thus, *Silbersher* is consistent with the Ninth Circuit rule, as noted in the Court's Order, that "the X and the Y need not come from a single source." Order at 8. *See also United States v. Cath. Healthcare W.*, 455 F. 3d 1147, 1151 (9th Cir. 2006) ("the misrepresented states of facts" (the X) and the "true state of facts" (the Y) may be disclosed piecemeal through multiple sources); *id*. at 1151 n. 1 ("[**T]he elements of the fraud allegation need not have been made public in a single document**.") (emphasis added); *United States v. Allergan, Inc.*, 46 F. 4th 991, 999 (9the Cir. 2022) (same).

In sum, the Opposition's attempt to dispute the Court's statement in the Order of the test for application of the public disclosure bar is based upon a mischaracterization of *Silbersher* and Ninth Circuit law, and is without merit.

### C. Relator LLC Has Not Met its Burden to Establish that it is an "Original Source."

Once, as here, the public disclosure bar applies, "[t]he court shall dismiss [the] action . . . unless . . . the person bringing the action is an original source of the information." 31 U.S.C. § 3730(e)(4)(A).

The relator "bears the burden of establishing that [it] qualifies as an original source." *United States ex rel. Solis v. Millennium Pharms., Inc*., 445 F. Supp. 3d 786, 795 (E.D. Cal. 2020), *aff'd sub nom. Solis v. Millennium Pharms., Inc*., 852 F. App'x 298 (9th Cir. 2021).

An "original source" must be an individual "who either (1) prior to a public disclosure under subsection (e)(4)(A), has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based, or (2) who has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an [FCA] action." 31 U.S.C. § 3730(e)(4)(B).

Prong (1) above applies only if, "**prior to** a public disclosure," an individual voluntarily discloses the information at issue to the Government. Prong (1) cannot apply to the present case because Relator LLC did not even come into existence until 2022, **after** the above-described news media public disclosures of Shady Canyon being a private club that restricts membership for reasons other than capacity.

Relator LLC only has the potential of being an original source under prong (2) above. In this regard, the FAC contains only conclusory allegations about Relator LLC's alleged status as an original source, and alleges:

> 75. All facts alleged herein were discovered in the first instance by the Relator, who disclosed them to the Government prior to filing this *qui tam* action under seal.
>
> 76. To the extent there has been a public disclosure unknown to Relator, Relator is an original source under 31 U.S.C. § 3730(e)(4). Relator has direct and independent knowledge of the information on

> which the allegations in this Complaint are based and voluntarily provided the information to the Government before filing a qui tam action based on the information. The allegations and causes of action set forth herein would not have come to light had it not been for Relator's knowledge.

FAC, ¶¶ 75-76.

Based on the fact of relevant public disclosures **prior to** the formation of Relator LLC in 2022, the allegation in paragraph 75 – i.e., that "all facts herein were discovered in the first instance by the Relator" – is demonstrably inaccurate. Next, paragraph 76 alleges in conclusory fashion the statutory elements for the prong (2) definition of an original source, without any supporting factual allegations.

The FAC's conclusory recitals of the elements of the statutory definition of an original source do not suffice, just as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In another FCA action brought by Relator LLC against a PPP loan recipient where, as here, Relator LLC alleged in conclusory fashion that it met the statutory definition of original source, the district court held:

> **[Relator LLC's] recitation of the definition of an original source is not sufficient**. *See Twombly*, 550 U.S. at 545 ("[A] formulaic recitation of a cause of action's elements will not do.") **Nor does Relator show that it has "knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions**. See 31 U.S.C. § 3730(e)(4)(B). Therefore the original source exception does not apply here.

*U.S. ex rel. Relator LLC v. Erskine*, 2025 U.S. Dist. LEXIS 46469 * 14-15 (S.D. Cal. Feb. 25, 2025) (emphasis added).[7]

[7] The Motion discusses the holding of *Erskine*; yet the Opposition nowhere

For the same reasons noted by the Court in *Erskine*, the original source exception does not apply in this case. The FAC should be dismissed with prejudice.

### D. **Dismissal of the FAC is Also Supported by the District Court Decision in *U.S. ex rel. Relator LLC v. Kellog*.**

The decision of the district court in *United States ex rel. Relator LLC v. Kellog*, 2025 WL 897439 (S.D. Cal. Mar. 24, 2025), is particularly on point with respect to application of the public disclosure bar to the FAC. In *Kellog*, Relator LLC alleged that the private club defendant, in fact, was not eligible for a PPP loan on the ground that the club was private, for members only, and expensive; and that therefore, one can infer the club restricted membership for reasons other than capacity. *Kellog*, 2025 WL 897439, at *1. As with Shady Canyon, the facts and transactions regarding the club defendant in *Kellog* (the La Jolla Beach and Tennis Club), including that it was a private club, for members only, with expensive dues, were publicly disclosed in the Website and news media sources. *Id.* at *3-*4. Thus, the Court in *Kellog* reasoned that the public disclosures were "substantially similar" to Relator LLC's allegations because the publicly disclosed "X" (the fact that the defendant club obtained a PPP loan) and "Y" (the defendant club was private, exclusive and expensive, and therefore restricted membership for reasons other than capacity) together permitted an inference of "Z" that potential fraud had been committed. *Id.* at *4. *Kellog* is on all fours with this case.

Most importantly, in *Kellog*, as here, Relator LLC had filed an amended complaint with the same allegations of various false certifications in addition to the alleged false eligibility certification. Specifically, Relator LLC had filed a first amended complaint that, in addition to discussing the club defendant's certification of eligibility for a PPP loan, alleged false certifications relating to (i) "economic necessity" for the PPP loan, and (ii) as part of obtaining forgiveness of the PPP loan,

---

mentions or attempts to distinguish its holding.

an alleged false "use of funds" certification attesting to use of the PPP loan for payroll and other business expenses. Further, unlike in the present case, Relator LLC in Kellog alleged various specific facts supposedly disclosed to it by an insider of the club defendant to the effect that at the time of the loan forgiveness application, the club defendant allegedly had excess funds remaining of approximately $1 million from the proceeds of the original PPP loan that had not been spent for business purposes as certified in the loan forgiveness application. Notwithstanding these amended allegations – which are not at all present in the instant case where Relator LLC makes solely conclusory and speculative assertions – the district court dismissed the amended complaint without leave to amend. This Court, based on Relator LLC's woefully insufficient and conclusory allegations, therefore should dismiss the FAC with prejudice and without leave to amend.

## V. THE TWO ADDITIONAL CAUSES OF ACTION IN THE FAC SHOULD BE DISMISSED WITH PREJUDICE.

Shady Canyon incorporates by reference, as though set forth in full herein, the discussion above at page 6 regarding the two new causes of action in the FAC and why these causes of action also should be dismissed with prejudice.

## VI. CONCLUSION

For the foregoing reasons, Shady Canyon requests that the Court grant its Motion to Dismiss with prejudice and without leave to amend.

DATED: October 14, 2025 GREENBERG GROSS LLP

By: Evan C Borges

Wayne R. Gross
Evan C. Borges
Attorneys for Defendant The Shady Canyon Golf Club, Inc.

**L.R. 11-6.2. Certificate of Compliance**

The undersigned, counsel of record for the moving party certifies that this brief contains 6,153 words, which complies with the word limit of L.R. 11-6.1.

DATED: October 14, 2025

GREENBERG GROSS LLP

By: /s/ Evan C. Borges

Wayne R. Gross
Evan C. Borges
Attorneys for Defendant The Shady Canyon Golf Club, Inc.

## PROOF OF SERVICE

**United States of America ex rel. Relator LLC v. Steven Sunshine, et al.**
**Case No. 8:23-cv-00134-JVS-ADSx**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 650 Town Center Drive, Suite 1700, Costa Mesa, CA 92626.

On October 14, 2025, I served true copies of the following document(s) described as **REPLY BRIEF OF DEFENDANT THE SHADY CANYON GOLF CLUB, INC. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 14, 2025, at Costa Mesa, California.

Cheryl Winsten (signature)

Cheryl Winsten

**SERVICE LIST**
**United States of America *ex rel.* Relator LLC v. Steven Sunshine, et al.**
**Case No. 8:23-cv-00134-JVS-ADSx**

| | |
|---|---|
| Aaron Kollitz<br>Assistant United States Attorney<br>Office of US Attorney<br>300 North Los Angeles St., Suite 7516<br>Los Angeles, CA 90012<br>Tel: 213-894-2083<br>Fax: 213-894-7819<br>Email: aaron.kollitz@usdoj.gov | Attorneys for Plaintiff USA |
| Charles F. Dender<br>DICELLO LEVITT LLP<br>485 Lexington Ave., Suite 1001<br>New York, NY 10017<br>Tel: 646-933-1000<br>Email: cdender@dicellolevitt.com | Attorneys for Plaintiff-Relator<br>RELATOR LLC |
| Julian Brew<br>Kristen L. Nelson<br>HECHT PARTNERS LLP<br>2121 Avenue Of The Stars, Suite 800<br>Century City, CA 90067<br>Tel: 310-804-8065<br>Email: jbrew@hechtpartners.com<br>knelson@hechtpartners.com | Attorneys for Plaintiff-Relator<br>RELATOR LLC |